JOHN L. CARSON'S EXECUTORS V. JOHN A. BUCKSTAFF.

FILED DECEMBER 22, 1898. No. 8401.

1. **Suit on Note**: DEFENSE: COLLATERAL SECURITY. In a suit on a promissory note the maker answered that plaintiff held the note of a third party as collateral security for the note sued on, and that the maker of the collateral note was solvent and the collateral of greater value than the amount due on the note in suit. *Held*, That the answer stated no defense.

2. ———: ———: ———: PRODUCTION IN COURT. A creditor who holds a promissory note belonging to his debtor as collateral security for his debtor's note cannot be compelled to produce such note in court and turn it over to his debtor so long as the latter's debt remains unpaid.

3. ———: ———: ———. Such a creditor cannot be compelled to exhaust the collateral security held by him as a condition precedent to his right to sue his debtor upon his note.

4. ———: ———: ———: COUNTER-CLAIM. A debtor, when sued by his creditor, may plead as a counter-claim or set-off the actual value of any collateral security which the creditor has converted to his own use or the value of any collateral security which he has released, dissipated, or diverted from the purpose for which he held it.

5. ———: ———: ———: CONVERSION. But in such a suit an answer which simply avers that the creditor still has possession of the collateral security pledged to him, but does not allege that the debt sued for has been paid, is not a good plea of conversion.

ERROR from the district court of Lancaster county. Tried below before HALL, J. *Reversed.*

*J. H. Broady,* for plaintiff in error.

*Charles E. Magoon, contra.*

RAGAN, C.

In the district court of Lancaster county John L. Carson sued John A. Buckstaff on a promissory note. Since the institution of the suit Carson died and the action has been revived in the name of his executors. Buckstaff had judgment in the district court, and the case is before us on petition in error.

1. The answer of Buckstaff was in words and figures as follows:

"Comes now the defendant John A. Buckstaff, and for answer to the plaintiff's petition filed herein denies each and every allegation in said petition contained, excepting such as are hereinafter expressly admitted to be true. The defendant admits that heretofore, and on or about the time mentioned in said plaintiff's petition, he made, executed, and delivered to the plaintiff the note set forth in said plaintiff's petition under the following circumstances and conditions: Prior to the execution of said note set forth in the plaintiff's petition, and on or about the 24th day of October, 1892, one Louie Meyer came to this defendant with a note for the sum and amount of $3,000, to which note was attached, as collateral security therefor, a note for $3,000 signed by John Fitzgerald, a citizen of Lancaster county, Nebraska; that said Louie Meyer requested this defendant to sign said note as surety for him, the said Louie Meyer, in order that the same might be negotiated with said note of said John Fitzgerald, attached thereto as collateral; that this defendant signed said note as such surety for the consideration and with the distinct agreement that said note of

John Fitzgerald was to be and remain as collateral security for said note and attached thereto; that said note so signed by this defendant as surety, together with said collateral attached thereto, was sold to the plaintiff in this action, John L. Carson, and said John L. Carson accepted said note with said note of said John Fitzgerald attached as collateral to said note signed as surety by this defendant; that when said note so signed by this defendant became due, the same was presented to this defendant for payment by the said John L. Carson; that this defendant thereupon requested a further extension of time, and at the request of the said John L. Carson a new note was given as an evidence of said indebtedness, at which time the said John L. Carson promised and agreed to and with this defendant that said collateral note for $3,000 signed by said John Fitzgerald should be attached to said note as collateral; and this defendant alleges that said note is now held by said John L. Carson as collateral for the said note set forth in plaintiff's petition and sued on in this action, and this defendant offers to confess judgment upon said note upon the production thereof in court, and upon the said collateral note being turned over to him, this defendant.

"The defendant further alleges that said John Fitzgerald is a man of large means and well able to pay said note, and that said note can easily be collected by process of law, and that said John Fitzgerald is financially solvent and well able and willing to meet his obligations, and that said John L. Carson ought to be required to exhaust said collateral security before looking to this defendant as surety; and that said plaintiff holds and retains said note for $3,000, together with accrued interest thereon. This defendant alleges that said collateral note is worth its face value and the interest thereon, to-wit, $3,000 and interest at the rate of ten per cent per annum from the —— day of ——, 1893.

"This defendant further claims as a set-off to the cause of action set forth in the plaintiff's petition the said note

so held by said John L. Carson, to-wit, $3,000, and interest thereon from the day on which said note was given, and prays judgment against the plaintiff in said sum.

"Wherefore this defendant prays judgment against said John L. Carson for the sum of $3,000, with interest from the —— day of ——, 1892, and for his costs in this action, and that he may be hence dismissed."

Does this answer state a defense? It is to be observed that the answer admits the execution and delivery of the note sued on; and the only defense interposed thereto is that Carson has in his possession a note signed by John Fitzgerald for $3,000, which note he holds as collateral security for the note signed by Buckstaff, and that the maker of this collateral note is solvent. There is no allegation in this answer that Fitzgerald or any one else has ever paid any part of this collateral note; that Carson has returned or surrendered this note to Fitzgerald or his assignee; that he has neglected and delayed to enforce the collection of the note until Fitzgerald has become insolvent; nor that he has converted the collateral note to his own use. The answer does allege that the collateral note is in Carson's possession, but since it was pledged to him by Buckstaff as collateral security for the note sued on, Carson is rightfully in possession. We do not know of any rule of law by which a creditor who holds a promissory note belonging to his debtor as collateral security for his debtor's note can be compelled to produce such note in court and turn over to his debtor so long as the latter's debt remains unpaid; nor do we know of any rule of law by which such a creditor can be compelled to exhaust the collateral security as a condition precedent to his right to sue his debtor upon his note. We do not doubt that a creditor who holds the property of his debtor as collateral security for the latter's debt should be compelled to credit the debt with all he realizes from the collateral; nor do we doubt but that in a suit upon the debt the debtor may plead as a counter-claim or set-off the actual value of

any collateral security which the creditor has converted to his own use, or the value of any collateral security which he has released, dissipated, or diverted from the purpose for which he held it. But putting the most lib- eral construction possible upon this answer, it does not allege that Carson has ever converted to his own use the collateral security pledged to him, nor that such col- lateral security has been lost to the pledgor through any wrong or neglect of Carson. The answer alleges, and alleges only, as a defense that the collateral security pledged by Buckstaff is in the hands of Carson. This is not enough. The answer states no defense. The judg- ment of the district court is wrong, and is reversed, and the cause remanded.

REVERSED AND REMANDED.