IN RE ESTATE OF THOMAS V. GOLDEN.
TRAVELERS INSURANCE COMPANY, APPELLANT, v. MARTINA G. DISHNER, ADMINISTRATRIX, APPELLEE.

FILED JULY 17, 1930. No. 27400.

*J. D. Cronin* and *J. A. Donohoe,* for appellant.

*M. F. Harrington, Lewis Chapman* and *W. J. Hammond,* contra.

*Seymour S. Sidner, C. M. Skiles* and *Perry, Van Pelt & Marti, amici curiæ.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ.

ROSE, J.

This is a controversy between the Travelers Insurance Company, claimant, and Martina G. Dishner, administra-

trix of the estate of Thomas V. Golden, deceased, over a contingent claim based on a plea for a deficiency judgment against the Golden estate in a pending action to foreclose a real estate mortgage executed by Golden in his lifetime to secure a note for $5,000. The time limited by the county court for the filing and barring of claims expired before the contingent claim was presented. On application of claimant the county court allowed the claim to be filed as a belated one, over objections of the administratrix. Later the claim was allowed as a contingent claim against the estate. Upon appeal to the district court it was held that the claim was barred by the order of the county court pursuant to the nonclaim statute. From the judgment of the district court claimant appealed to the supreme court.

An examination of the record results in a finding that good cause for permission to file the claim in the county court out of time was not shown for reasons stated in the opinion in the case of *In re Estate of Golden, ante*, p. 226, decided herewith.

AFFIRMED.

The following opinion on motion for rehearing was filed January 2, 1931. *Former opinion adhered to, except as to character of claim.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ.

DAY, J.

This controversy arose over the filing of a claim by the

Travelers Insurance Company against the estate of Thomas V. Golden, deceased, after the expiration of the time fixed by the court under the provisions of the nonclaim statute. It is now before the court on motion for rehearing. For the former opinion, see *ante*, p. 232. The facts stated therein are substantially correct and are not repeated here. We referred to the claim in that opinion as "contingent," but, upon further consideration, we conclude that such reference to the claim herein involved was erroneous.

This case has been reargued orally by the attorneys for the parties as well as several friends of the court, all of whom have filed exhaustive briefs upon the questions involved. It has been generally assumed by them that the claim here presented was a contingent one. If, however, the claim is absolute, it was barred by the nonclaim statute; the opinion in *In re Estate of Golden, ante*, p. 232, is controlling; the law stated in the syllabus in our former opinion is sound and the conclusion we then reached is correct. If, on the other hand, it is a contingent claim, the question as to whether the amendment of 1901 (Laws 1901, ch. 28) to the nonclaim statute, which as then amended is now known as section 1344, Comp. St. 1922, operates as a repeal by implication of the section now known as section 1362, Comp. St. 1922, is one which might well engage our attention.

When Golden executed his note for $5,000, he created an obligation which was absolute, fixed and determined. He owed an obligation which was definite. The happening of no subsequent event was necessary to create the obligation to pay. The failure of any event to happen would not relieve him from payment. Unlike a stockholder's liability that only accrues when and if the corporation becomes insolvent; unlike the obligation upon a bond, liability upon which does not accrue until default, the obligation of the maker of a note is fixed, definite, and certain. The confusion in this case may be accounted for because of the payee's selection of remedies. It chose to proceed to enforce its claim against the security. It could not have been forced to so proceed. *Carson's Executors v. Buckstaff*, 57

Neb. 262. A contingent claim against a decedent's estate is one upon which the liability depends upon some future event, which may or may not happen, and which makes it uncertain whether it will ever be a liability. *Stichter v. Cox,* 52 Neb. 532; *Hazlett v. Estate of Blakely,* 70 Neb. 613; *Davis v. Davis,* 137 Wis. 640; 11 R. C. L. 205, sec. 229.

In *Stichter v. Cox, supra,* we held: "When a grantee of real estate, as part of the consideration for the purchase, assumes and agrees in the deed to pay a certain mortgage on the premises, he is liable for the mortgage debt, and the grantor, immediately upon the maturity of the mortgage, may recover from the grantee the amount due thereon, though the grantor may have paid no part of it." In *Carson's Executors v. Buckstaff, supra,* the court held: "A creditor cannot be compelled to exhaust the collateral security held by him as a condition precedent to his right to sue his debtor upon his note." A note is an absolute obligation to pay, and the fact that it has been secured by a mortgage, and the payee has elected to enforce his remedy by foreclosure, and a deficiency judgment may be obtained, does not render the claim contingent. It is an absolute claim against decedent's estate.

The former opinion of the court is adhered to, except as to the reference to the claim herein involved as contingent in the statement, which claim we now hold to be absolute, under the statute.

AFFIRMED.