IN RE ESTATE OF ERNEST B. GRAINGER.
DOROTHY H. WARD, APPELLANT, v. LINCOLN NATIONAL BANK & TRUST COMPANY, ADMINISTRATOR, APPELLEE.

FILED JUNE 5, 1931. No 27896.

*Loren H. Laughlin,* for appellant.

*Fred N. Hellner* and *W. A. Selleck, contra.*

Heard before ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ., and HORTH, District Judge.

DEAN, J.

This is an appeal by Dorothy H. Ward from the dismissal of her claim in the district court for Lancaster county against the estate of Ernest B. Grainger, deceased, for $20,250, as damages for personal injuries which she alleges she sustained, on or about November 9, 1929, while she was riding with Grainger, as his invited guest, in his Packard automobile which was then being driven by him on a public highway between Lincoln and Omaha. Ten days thereafter, namely, on November 19, 1929, Grainger died from the effects of the injuries which he sustained in the accident. On May 1, 1930, this action against his estate was begun.

The Lincoln National Bank & Trust Company, as administrator of the decedent's estate, filed an amended demurrer, wherein it is alleged that the claim "is not a proper and lawful claim under the laws of the state of Nebraska; that said claim, if any, abated with the death of Ernest B. Grainger, deceased, and that said claim and claims do not constitute a cause of action against the estate of Ernest B. Grainger, deceased." The court sustained the amended demurrer as to the first cause of action, namely, the sum of $20,250, but, as to the second cause of action, an

item for $47 for the destruction of clothing worn by claimant at the time of the accident, it was agreed that proceedings on such claim should be suspended until an appeal had been perfected on this, the first cause of action.

The claimant alleged that before, and at the time of the accident, Grainger was driving the car at an excessive and highly dangerous rate of speed approximating 70 miles an hour, and that she urgently requested him to reduce the speed of his car, but that he gave no heed to her pleas. In respect of the accident, the claimant alleged that the Grainger car collided with a truck which was towing a wrecked car at an intersection of the highway, and that, as a result of the accident, she sustained severe and permanent injuries, and that, solely as a result of such collision, she has been totally unable to continue her occupation as an employee in a medical clinic.

It is the contention of the administrator that the action does not survive Grainger's death, and that, under the laws of this state, no lawful provision exists upon which such action can be sustained. Counsel for the claimant, however, contend that the common-law rule that a cause of action does not survive the death of the tort-feasor is not applicable to existing modern conditions and that it does not prevail in Nebraska.

Section 20-1401, Comp. St. 1929, provides:

"In addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to real or personal estate, or for any deceit or fraud, shall also survive, and the action may be brought, notwithstanding the death of the person entitled or liable to the same."

And in section 20-1402, Comp. St. 1929, we find this provision:

"No action pending in any court shall abate by the death of either or both the parties thereto, except an action for libel, slander, malicious prosecution, assault, or assault and battery, for a nuisance, or against a justice of the peace

'for misconduct in office; which shall abate by the death of the defendant."

And section 49-101, Comp. St. 1929, contains this provision:

"So much of the common law of England as is applicable and not inconsistent with the Constitution of the United States, with the organic law of this state, or with any law passed or to be passed by the legislature of this state, is adopted and declared to be the law within the state of Nebraska."

From the provisions of section 49-101, above cited, it is clear that the common law exists in this state only where applicable and not inconsistent with the laws of this state. *Bishop v. Liston,* 112 Neb. 559; *Kerner v. McDonald,* 60 Neb. 663.

Under the common law, a cause of action did not survive either the death of the wrongdoer or that of the person injured. And, except as changed by statute in recent years, the common-law rule has very generally prevailed. As stated in *Hambly v. Trott,* 2 English Ruling Cases, 1, a decision rendered in 1776, the reasoning appears to have been that all private crimes die with the offender and that an executor cannot be held liable so far as a tort was there concerned; but, where the act of the offender involved a benefit to his estate, the executor was held chargeable. In later cases, however, it was held that actions involving injury to property interests also survived. *Lansdowne v. Lansdowne,* 1 Mad. (Eng.) 116.

There now appears to be a noticeable deviation from the common-law rule as applied to a tort committed by one who subsequently came to his death. It has been held that a cause of action does not abate with the death of the person injured, and that such injured person's estate or surviving relatives may recover from the wrongdoer for damages sustained by his death. *Brown v. Chicago & N. W. R. Co.,* 102 Wis. 137. In *Harris v. Nashville Trust Co.,* 128 Tenn. 573, the court held that an action might be

maintained against the executor of an estate, as such, for defamatory words contained in a will, which was published for probate, on the ground that the maxim, *actio personalis moritur cum persona,* did not apply. The court there said: "The determinative question, therefore, is whether a wrong has been inflicted for which plaintiff is entitled to recover lawful damage, and not whether there is a precedent for the suit." And the court, in the above cited *Harris* case, quoted from *Jacob v. State,* 3 Humph. (Tenn.) 493, wherein this language was used:

"The common law of a country will, therefore, never be entirely stationary, but will be modified, and extended by analogy, construction and custom, so as to embrace new relations, springing up from time to time, from an amelioration or change of society. * * * Though principles once established by judicial determination can only be changed by legislative enactment, yet such is its malleability (if we may use the expression) that new principles may be developed, and old ones extended, by analogy, so as to embrace newly created relations and changes produced by time and circumstances."

We have held that a pending action for personal injuries does not abate by the death of the injured person but may be revived by the decedent's personal representative. *Webster v. City of Hastings,* 59 Neb. 563; *Murray v. Omaha Transfer Co.,* 98 Neb. 482. See, also, *Levin v. Muser,* 107 Neb. 230. But there has not been a decision pointed out bearing directly on the facts herein, nor do we know of any in this state. The claimant argues that it is not an equal protection of the laws to deny to her the right of recovery against the decedent's estate when, under our decisions, as noted above, the right to recover from a living tort-feasor has been granted to a dead person's estate.

We do not think that the claimant should be precluded from presenting the facts pertaining to the accident and her injuries. Nor does any valid reason appear that should tend to prevent her from being heard upon the presentation of her cause of action.

The judgment of the district court must be and it hereby is reversed, with directions that the claimant, if so advised, be permitted to present her cause in manner and form provided by law.

REVERSED.