IN RE ESTATE OF DONALD T. AYRES.
FEDERAL TRUST COMPANY, APPELLANT, V. ESTATE OF DONALD T. AYRES ET AL., APPELLEES.

FILED JULY 1, 1932. No. 28272.

*Herman Ginsburg* and *Joseph Ginsburg,* for appellant.

*George W. Ayres* and *C. A. Kingsbury, contra.*

Heard before GOSS, C. J., ROSE, DEAN, EBERLY, DAY and PAINE, JJ.

EBERLY, J.

The facts in this case are not in dispute. The Federal Trust Company, appellant, and hereinafter designated as plaintiff, holds solely as trustee a certain promissory note for the sum of $15,000, signed by Edward F. O'Flaherty and wife, which, by its terms, will be due April 1, 1935. To secure the payment of this note contemporaneous with its making and delivery, the makers thereof, as husband and wife, executed and delivered to the plaintiff a mortgage on a half section of land in Dixon county, Nebraska. Thereafter O'Flaherty and wife sold the land thus mortgaged to Donald T. Ayres and Francis Kingsbury, conveying the same to the persons last named by general warranty deed containing a clause providing that such conveyance was "subject to a mortgage of fifteen thousand ($15,000) dollars, given to the Federal Trust Company of Lincoln, Nebraska, which mortgage the grantees herein assume and agree to pay." Thereafter Donald T. Ayres died, and probate proceedings in his estate were commenced in the county court of Dixon county. During that proceeding there was filed in such court a claim by plaintiff, entitled, "Contingent Claim of Federal Trust Company, a Corporation, Trustee." This pleading in appropriate allegations set forth the facts herein already set out, and its present ownership of the note and mortgage is alleged to be in plaintiff as trustee. It expressly alleges also that said plaintiff "does not know whether or not said note and mortgage will be paid at maturity or whether said interest coupons will be paid as due; and in the event default is made thereunder, this petitioner (plaintiff) does not know whether said real estate will bring sufficient at foreclosure sale to pay the amount due

and the costs," and that petitioner will bring an action for the foreclosure of said mortgage in the event of default occurring, etc.

Plaintiff expressly sets forth in said pleading that it "makes no claim against said estate for the payment of said note, coupons and mortgage; but hereby makes its contingent claim for any deficiency that may be due petitioner, after the foreclosure of said mortgage in the event such foreclosure is necessary because of default in the payment thereof." It concludes with a prayer that plaintiff may be allowed "a contingent claim" for the right thus accruing.

It is obvious that plaintiff in this procedure seeks to avail itself of the right secured by article VII, ch. 30, Comp. St. 1929. But it fairly appears, however, that the questions raised in this appeal in plaintiff's behalf have been fully adjudicated in this court against its contentions. In the case of *In re Estate of Golden,* 120 Neb. 232, there was presented for allowance, as a contingent claim, a claim "based on a plea for a deficiency judgment against the Golden estate in a pending action to foreclose a real estate mortgage executed by Golden in his lifetime to secure a note for $5,000." In an opinion on rehearing, 120 Neb. 233, the controlling question then before this court was: "Is such a claim, under the circumstances set forth, a 'contingent claim?'" It was answered in the negative. This court approved the following language by Day, J., setting out the reasons for the rule adopted: "When Golden executed his note for $5,000, he created an obligation which was absolute, fixed and determined. He owed an obligation which was definite. The happening of no subsequent event was necessary to create the obligation to pay. The failure of any event to happen would not relieve him from payment. Unlike a stockholder's liability that only accrues when and if the corporation becomes insolvent; unlike the obligation upon a bond, liability upon which does not accrue until default, the obligation of the maker of the note is fixed, definite,

and certain. The confusion in this case may be accounted for because of the payee's selection of remedies. It chose to proceed to enforce its claim against the security. It could not have been forced to so proceed. *Carson's Executors v. Buckstaff*, 57 Neb. 262. A contingent claim against a decedent's estate is one upon which the liability depends upon some future event, which may or may not happen, and which makes it uncertain whether it will ever be a liability. *Stichter v. Cox*, 52 Neb. 532; *Hazlett v. Estate of Blakely*, 70 Neb. 613; *Davis v. Davis*, 137 Wis. 640; 11 R. C. L. 205, sec. 229.

"In *Stichter v. Cox, supra,* we held: 'When a grantee of real estate, as part of the consideration for the purchase, assumes and agrees in the deed to pay a certain mortgage on the premises, he is liable for the mortgage debt, and the grantor, immediately upon the maturity of the mortgage, may recover from the grantee the amount due thereon, though the grantor may have paid no part of it.' In *Carson's Executors v. Buckstaff, supra,* the court held: 'A creditor cannot be compelled to exhaust the collateral security held by him as a condition precedent to his right to sue his debtor upon his note.' A note is an absolute obligation to pay, and the fact that it has been secured by a mortgage, and the payee has elected to enforce his remedy by foreclosure, and a deficiency judgment may be obtained, does not render the claim contingent. It is an absolute claim against decedent's estate."

To the language quoted we need only add: The assumption clause contained in the warranty deed on which plaintiff relies in effect places the grantees accepting the same in the shoes of the mortgagors. As the $15,000 note at all times evidences the principal contract, an absolute fixed and determined obligation of the makers, the effect of the assumption clause is to impose identical duties and liabilities on the grantees so assuming, which is beyond the powers of the mortgagee to affect or change by any subsequent election of remedies for enforcement of his

contractual rights. As between the parties to this proceeding, therefore, the instruments in suit may not be considered as evidencing a contingent claim within the meaning of the statutory proceedings relating thereto.

It follows that the action of the district court in denying the allowance of this claim as a contingent claim is in all things correct, and is

AFFIRMED.