IN RE ESTATE OF ALBERT O. YETTER.
VAN T. WESCOTT, APPELLANT, V. EMMA S. YETTER, EXECUTRIX, APPELLEE.

FILED DECEMBER 29, 1933.   No. 28690.

*G. A. Munro* and *R. H. Mathew*, for appellant.

*Warren Pratt* and *Ira D. Beynon*, *contra*.

Heard before GOOD and EBERLY, JJ., and MESSMORE, RAPER and YEAGER, District Judges:

RAPER, District Judge.

This action, according to statements in appellee's brief, originated in the county court of Buffalo county, to obtain leave to file a claim against the estate of Albert O. Yetter, deceased, after the date fixed for presenting claims. It appears from statements in appellee's brief (which should have been in plaintiff's petition, and which seem necessary to an understanding of the issue) that the will of Albert O. Yetter was duly probated on March 30, 1932, and the county court then made an order directing that claims of creditors be filed prior to June 30, 1932, and for presentation, examination and allowance of same on July 6, 1932, and that notice thereof should be given by publication in the Kearney Tribune, which was all done in a legal and regular way, and that appellant, on July 14, 1932, filed in the county court an application for order extending time for filing his claim in which he designated his claim as contingent. A demurrer was interposed by the executrix, which that court sustained and an appeal was taken to the district court.

On August 23, 1932, appellant filed an application in the district court, which he designated as an "application for order extending time for filing claims and for allow-

ance of contingent claim." In that application Van T. Wescott, appellant, alleges that he is the owner and holder of a promissory note signed by testator, and J. G. McKee and Etta McKee, which note is secured by a chattel mortgage on certain property, and that there is due and owing appellant thereon $2,000 and interest; that on or about February 9, 1932, Albert O. Yetter died, leaving a last will under the terms of which Emma S. Yetter, his wife, was made executrix and sole legatee; that thereafter an order was made by the county court of said county requiring creditors of said estate to file claims on or before June 30, 1932, as the day for hearing on claims; that petitioner had no knowledge that the last will and testament of Albert O. Yetter, deceased, had been filed for probate or that an executrix had been appointed or that a time had been fixed by said county court for filing claims, or of the notice to creditors to present their claims against said estate, until July 12, 1932, after the time for filing claims had expired.

Petitioner further alleges that he has been diligent in attempting to protect his rights, and he has since the death of Albert O. Yetter had frequent interviews with J. G. McKee concerning said indebtedness; that said J. G. McKee, one of the makers of said note and chattel mortgage, is the son-in-law of decedent and Emma S. Yetter, and said J. G. McKee frequently requested petitioner not to talk to Emma S. Yetter or bother her about said indebtedness; that in May, 1932, said J. G. McKee stated to petitioner that no probate proceedings had been commenced on the estate of Albert O. Yetter, and that Emma S. Yetter was upset and they felt that there was no hurry about commencing such probate proceedings; that said statements were false and said McKee knew they were false and were made for the purpose of fraudulently preventing petitioner from discovering the pendency of the probate proceedings and filing his claim, and that petitioner relied on said false statements; that about

the middle of June, 1932, petitioner talked with Emma S. Yetter about said indebtedness and requested that some payment be made thereon, and that Emma S. Yetter then stated that she would be able to make a substantial payment thereon after the 6th of July, 1932, and that she anticipated a large business during the Veterans' convention and also to receive some rents from property in Lexington by said date and requested that petitioner wait until after said date, which said date was the day fixed by the county court for hearing claims, which she well knew, but was unknown to petitioner; that she made no payment after July 6, and that her said statements were made by her fraudulently and for the purpose of preventing petitioner from discovering the pendency of the probate proceeding and from filing his claim; that the security covered by the chattel mortgage is insufficient to satisfy the amount due on said notes, and unless petitioner be allowed to file his claim, he will be unable to collect the deficiency. He prays for an order extending the time for filing claims against said estate and for allowance of his claim.

A demurrer was interposed by the executrix, which was sustained by the district court, and petitioner Van T. Wescott appeals.

The appellee asserts that appellant's notes are not a contingent claim. The petition states that the deceased signed the notes. The fact that he also signed the chattel mortgage does not fix the status of the claim as contingent. *In re Estate of Golden,* 120 Neb. 233. The erroneous naming of the application as for a contingent claim is immaterial in the determination of the issue. The application does allege an absolute claim, and the right to file it must be determined under sections 30-603, 30-604, and 30-605, Comp. St. 1929, and not under the law relating to contingent claims.

Section 30-603 places upon county courts the duty to fix the time for presenting claims against an estate, which in the first instance shall not exceed eighteen months nor

less than three months. Section 30-604 provides the court may extend the time allowed creditors to present their claims, as the circumstances of the case may require, but not so the whole time shall exceed two years.

Section 30-605 reads: "On the application of a creditor who has failed to present his claim, if made within three months after the expiration of the time previously allowed, the court may for good cause shown allow further time * * * for the filing and determination of such claim." The sole issue is whether appellant's application states a good cause within the meaning of the statute.

Appellant knew of the death of Albert O. Yetter, but did not know that any probate proceedings had been begun to administer his estate. The lack of actual knowledge of those proceedings, together with what was said to him by J. G. McKee and Emma S. Yetter, the executrix, constitute the excuse for his default. We assume from the statements in the brief and appellant's petition that the probate of the will and the order fixing time for filing claims on or before June 30, 1932, and published notice to creditors were duly and legally made. The son-in-law, J. G. McKee, did not state that he was the agent or authorized to represent the estate or the executrix, and claimant's inquiry of McKee shows that he knew that he must present his claim to the county in order to recover from the estate. The fact that McKee told him no proceedings had been begun did not give claimant the right to rely on such statement. McKee's statement that the widow was upset and his request not to bother her about the matter, perhaps, might tend to induce the claimant, out of tender regard for the feelings of a bereaved and grieving widow, to hesitate about "bothering" her about it. But he does not allege that he did not refrain from speaking to her about the debt on that account, but by his own allegation he did not rely on McKee's statement, and did about the middle of June ask her about payment. What she said to him was not in any manner such as to give him the right to assume that she would pay his

claim without the allowance of the same by the county court, which action he knew must be taken before any payment could come from the estate. If he understood or felt that the executrix meant to pay it on her own account or out of her means, that would not bind the estate nor give reasonable grounds for an excuse to delay filing his claim.

*In re Estate of Golden,* 120 Neb. 226, is the latest case in this state upon the question here involved and is the most directly in point. In that case it was shown that the claimant had actual knowledge of the pendency of the administrative proceedings before the time for presenting claims had expired. In that opinion it is said that the claimants were chargeable with constructive notice authorized by statute and given. It further states that there was no evidence of fraud, accident, mistake, unavoidable misfortune, excusable neglect, or diligence.

In the case at bar it is claimed the statements of McKee and the executrix were fraud of such a character as to lull the claimant into a state of inactivity and to lead him to believe that there was no occasion for haste in filing his claim. But, as stated above, the acts and statements of those parties were not such as to reasonably give excuse for not presenting the claim in proper time. The *Golden* case very aptly states that claims against a solvent estate make a strong appeal to morality, justice, and equity, but the arbitrary bar of the nonclaim statute and the peremptory order of the county court pursuant thereto apply alike to just and unjust claims.

The order of the county court duly made and entered and publication of notice to creditors in compliance therewith are not lightly to be disregarded, and to avoid the effect of such proceedings a claimant seeking to open up the estate for a belated claim must show good cause, which the claimant in this case has failed to do.

The judgment of the district court is

AFFIRMED.