IN RE ESTATE OF NIKOLAI OHLSEN.
RHODA NELSON, APPELLEE, V. C. H. CHRISTENSEN, ADMINISTRATOR, APPELLANT.
279 N. W. 473

FILED MAY 6, 1938.   No. 30111.

*Courtright, Sidner, Lee & Gunderson* and *Waldo Wintersteen,* for appellant.

*Abbott, Dunlap & Abbott* and *John P. Corbett, contra.*

Heard before GOSS, C. J., EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ., and TEWELL, District Judge.

TEWELL, District Judge.

Proceedings to probate the estate of Nikolai Ohlsen, deceased, were begun in the county court of Dodge county, Nebraska, on August 20, 1934. The appellant, C. H. Christensen, was duly appointed as administrator of that estate. An order of the county court dated September 10, 1934, limited the time within which creditors might file claims to four months after the date of the order. A decree barring claims not filed was entered on January 12, 1935. On March 16, 1935, the appellee, Rhoda Nelson, made application for permission to file a claim against such estate. Permission to file such claim was denied by the county court. Upon appeal by claimant to the district court permission to file such claim was given. Trial to a jury upon the merits of the claim was later had in the district court. The jury returned a verdict for the claimant in the amount of $3,500. Upon motion for a new trial a remittitur of $1,250 was required to prevent a new trial being granted. Such remittitur was filed and a judgment for the claimant for $2,250 was entered. The administrator appeals. The claimant has perfected a cross-appeal by which she seeks to have the amount of the remittitur included in the judgment.

The record discloses that Nikolai Ohlsen died intestate on August 14, 1934, while a resident of Dodge county, Nebraska. Strict compliance with statutory requirements in the proceedings to probate his estate is not questioned, except as such proceedings relate to whether or not permission to file such claim should have been granted. This court has held that permission to file a claim against the estate of a deceased person after the expiration of the time allowed for filing claims is essential to the allowance of such belated claim. In re Estate of Golden, 120 Neb. 226, 231 N. W. 833. A hearing was had in the district court upon the application for permission to file a claim and the ob-

jections of the administrator thereto. The evidence taken upon such hearing appears in the bill of exceptions.

The evidence upon the application to file the claim, together with the evidence taken upon the trial upon the merits of the claim, discloses that the farm home of claimant and that of deceased for many years prior to his death were only a few hundred yards apart. Claimant knew of the death of the deceased and was present at his funeral. Prior to the date set for a hearing upon the application for the appointment of an administrator she read the published notice of the time and place of such hearing. Immediately after the appointment she became aware of the fact that appellant was the administrator. She admits having read the notice to creditors during the period of its publication. This notice stated that all claims not presented on or before January 12, 1935, would be and remain forever barred. While the application for the appointment of an administrator was pending, the appellant and Waldo Wintersteen, an attorney for two heirs, visited the claimant at her farm home. She was informed that they were looking for a will that was rumored to have been made by the deceased. Long prior to the time of the expiration of the time for filing claims she knew that no will had been found. At the time of this visit the claimant told appellant and said Wintersteen that she felt she should be paid for the services she had performed for the deceased. The nature of the claim filed is for the value of about 3,500 meals that claimant alleges she furnished to the deceased and persons in his employ, and for other house work and nursing that the claimant alleges she performed for the deceased during the time from in March, 1910, to the date of his death, and for which she alleges the deceased was to pay her through a provision in his will. The deceased was never married. Claimant lived with her husband upon a farm adjoining that upon which the deceased resided and lived as a bachelor. Both appellant and Wintersteen had known both the claimant and the deceased for many years. Wintersteen had been regarded as the family attorney of claimant and her

husband. The evidence does not disclose that the appellant or said Wintersteen or any one else ever said or did anything that the claimant could possibly construe as an assurance that any attention was being given by any one to the matter of her claim. That Wintersteen told the claimant and her husband to get a lawyer if they had a claim and desired to file it is shown by the evidence and not denied by the claimant. After the time allowed for filing claims had expired the administrator with permission of the probate court accepted $50 in full payment of a note for the principal sum of $400 that had been made by the claimant and her husband to the deceased for money borrowed. Soon after this compromise the application for permission to file the claim involved in this action was filed. The evidence does not show fraud, accident, mistake, unavoidable misfortune or excusable neglect. It does show an extreme lack of diligence on the part of the claimant.

Under a state of facts as above outlined, one question presented is that of whether or not the district court committed error in permitting the claim involved to be filed. Section 30-605, Comp. St. 1929, provides in part as follows:

"On the application of a creditor who has failed to present his claim, if made within three months after the expiration of the time previously allowed, the court may for good cause shown allow further time not exceeding three months for the filing and determination of such claim."

Other relevant statutory provisions are set forth in the opinion in *In re Estate of Tucker*, 128 Neb. 387, 258 N. W. 645, and will not be set forth herein. An interpretation of the phrase "good cause shown" as used in the above-quoted statute as well as a declaration of many of the rules relevant to this case are set forth in that case and in the following cases: *In re Estate of Golden, supra; In re Estate of Yetter*, 125 Neb. 763, 252 N. W. 202. The evidence submitted to the district court was insufficient to support its order permitting the claim involved herein to be filed.

Assignments of error made by the appellant relative to the trial court having allowed the husband of claimant to

testify concerning conversations and transactions with the deceased and of the evidence being insufficient to support the verdict need not be discussed.

For reasons above given, the judgment of the trial court is reversed and this cause remanded, with directions that permission to file the claim involved be denied, that such claim be dismissed without prejudice to such legal status as it would now hold had it never been filed, and that such judgment of the trial court so entered be certified to the county court for further proceedings in conformity with this order.

REVERSED.