ARTHUR STORM, APPELLANT, v. BEN MALCHOW ET AL.,
APPELLEES.

80 N. W. 2d 477

Filed January 18, 1957. No. 34047.

*Harlan A. Bryant,* for appellant.

*Robinson, Hruska, Crawford, Garvey & Nye,* for appellee Cluck.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

Plaintiff brought this action in the district court for Saunders County against the defendant Ben Malchow and the defendant R. LaVonne Cluck as the administratrix of the estate of Millard F. Cluck, Jr., deceased, for damages arising out of an automobile accident which

occurred in Saunders County. The defendant administratrix demurred to the petition on the ground, among others, that the court had no jurisdiction of the subject of the action. The trial court sustained the demurrer as to the defendant administratrix and dismissed the action as to her. The plaintiff appeals.

The accident involved an automobile belonging to the plaintiff, which was being driven by his wife, Rose V. Storm, a farm tractor being operated by the defendant Malchow, and an automobile being driven by the deceased Cluck. The petition alleged negligence on the part of Malchow and the deceased, Cluck, resulting in personal and property damage to the plaintiff. The petition further alleges that R. LaVonne Cluck was at the time the action was commenced the duly appointed, qualified, and acting administratrix of the estate of the deceased Cluck, by virtue of an order of the county court of Scotts Bluff County, Nebraska. The only question raised by the appeal is the correctness of the trial court's order in sustaining the demurrer of the administratrix and dismissing the action as to her.

It is not questioned that an action for negligence may be prosecuted against the estate of a decedent for damages resulting from decedent's negligence in his lifetime. In re Estate of Grainger, 121 Neb. 338, 237 N. W. 153, 78 A. L. R. 597. The question here raised is whether an action against the estate of a deceased may be brought originally in the district court or, as contended by the administratrix, must the action against the estate originate as a claim against the estate duly filed in the county court having jurisdiction of the probate of the estate? In this connection we point out that the petition alleges the appointment of the administratrix of the estate of Millard F. Cluck, Jr., deceased, in the county court of Scotts Bluff County before this action was commenced.

The rule is stated in Rehn v. Bingaman, 151 Neb. 196, 36 N. W. 2d 856. We there held: A cause of action for

personal injuries alleged to have been proximately caused by negligence of a decedent during his lifetime survives, and when no action was brought thereon during his lifetime, it must be prosecuted by a claim filed against the estate of decedent in the county court which has exclusive original jurisdiction thereof. Constitutional provisions and legislative acts giving rise to the foregoing conclusion are discussed and analyzed in the Bingaman case. We shall not reiterate them here. The reasoning of that case is correct and we adhere to it. It has been consistently followed as is evidenced by the following cases dealing with the subject: Flessner v. Wenquist, 156 Neb. 378, 56 N. W. 2d 294; Mueller v. Shacklett, 156 Neb. 881, 58 N. W. 2d 344; DeWitt v. Sampson, 158 Neb. 653, 64 N. W. 2d 352.

We conclude, under the rule announced in the foregoing decisions, that plaintiff's cause of action for any damages he sustained must be prosecuted by the filing of a claim in the county court of Scotts Bluff County. The remedy is original and exclusive in such cases and the district court for Saunders County therefore had no jurisdiction of the subject of the action. The trial court was right in sustaining the demurrer of the administratrix and dismissing the action as to her.

AFFIRMED.