In re Estate of Millard F. Cluck, Jr., deceased. Arthur Storm, appellant, v. R. LaVonne Cluck, individually and as the Administratrix of the Estate of Millard F. Cluck, Jr., deceased, et al., appellees. In re Estate of Millard F. Cluck, Jr., deceased. Rose V. Storm, appellant, v. R. LaVonne Cluck, individually and as the Administratrix of the Estate of Millard F. Cluck, Jr., deceased, et al., appellees.

95 N. W. 2d 161

Filed February 27, 1959.   Nos. 34506, 34507.

*Harlan A. Bryant* and *William H. Heiss,* for appellants.

*Neighbors & Danielson,* for appellees.

Heard before Simmons, C. J., Carter, Messmore, Yeager, Chappell, Wenke, and Boslaugh, JJ.

Chappell, J.

In these cases, two separate transcripts on appeals from two separate judgments rendered by the district court for Scotts Bluff County were filed in this court, but it was stipulated that each case involved the same identical issue and that such actions should be consolidated, heard, and determined as one with but one brief filed by each of the parties.

In separate petitions filed in the district court for Scotts Bluff County on March 18, 1958, in appeals from the county court of Scotts Bluff County, Arthur Storm and Rose V. Storm, his wife, hereinafter called plaintiffs, sought to have vacated and set aside an order rendered on May 19, 1954, by the county court barring claims in

In re Estate of Millard F. Cluck, Jr., deceased. Plaintiffs therein also sought to be allowed and permitted to file exhibits A, separately so designated and attached to each petition, as claims against said estate, and to have a hearing on their petitions after due notice thereof. Thereafter, on April 4, 1958, R. LaVonne Cluck, as administratrix of the estate of her deceased husband, Millard F. Cluck, Jr., and as guardian of the estates of two named minor children, filed a general demurrer to each of plaintiffs' petitions. On June 18, 1958, said demurrers were each sustained. Plaintiffs elected to stand upon their petitions, whereupon they were each dismissed at plaintiffs' costs. Plaintiffs' motions for rehearing were each thereafter overruled and they separately appealed, assigning in the consolidated brief that: "The Court erred in sustaining the Demurrers to Appellants' Petitions." We do not sustain the assignment.

Plaintiffs' petitions and claims attached thereto were originally filed in the county court on September 13, 1957. Their separate petitions with claims attached, which plaintiffs filed on appeal in the district court, were identical in form and substance except that the claim of Arthur Storm was for damage to his car and for medical and hospital expenses for his wife, Rose V. Storm, whose separate claim was for her alleged permanent injuries. Such damages, as far as important here, were alleged to have been proximately caused by the negligence of Millard F. Cluck, Jr., when, on November 13, 1953, a car owned and driven by him and one owned by Arthur Storm but driven by his wife, Rose V. Storm, collided on a highway in Saunders County.

The general rule is that: "A general demurrer admits all allegations of fact in the pleading to which it is addressed, which are issuable, relevant, material, and well pleaded; but does not admit the pleader's conclusions of law or fact.

"In passing on a demurrer to a petition, the court will consider an exhibit attached thereto and made a part

thereof, if the allegations stated therein either aid the petition in stating a cause of action or charge facts going to avoid liability on the part of the defendant." Babin v. County of Madison, 161 Neb. 536, 73 N. W. 2d 807.

Plaintiffs' separate petitions, with claims separately attached thereto, and filed in the district court, each alleged in substance as follows: That the estate of Millard F. Cluck, Jr., deceased, was indebted to plaintiffs in a specified amount as disclosed by the attached claims; that on November 13, 1953, plaintiffs were residents of Saunders County but later became residents of Douglas County; that Millard F. Cluck, Jr., a resident of Scotts Bluff County, died intestate; that on November 20, 1953, proceedings were instituted in the county court of Scotts Bluff County for the appointment of an administratrix of his estate; and that notice of the filing of said petition was duly ordered and published 3 successive weeks in the Scottsbluff Daily Star-Herald, a legal newspaper of general circulation and published daily except Monday in Scotts Bluff County. A copy of such notice was set forth verbatim in plaintiffs' petitions. However, plaintiffs then alleged that they had no notice or knowledge of such publication and that same was not called to their attention by mail or otherwise.

Plaintiffs then alleged that R. LaVonne Cluck, the widow of Millard F. Cluck, Jr., deceased, was duly appointed administratrix of his estate; and that she at all times knew the circumstances of her husband's death in the accident of November 13, 1953, and the probable claim of plaintiffs for damages. Plaintiffs also alleged that on December 16, 1953, an order in said estate for notice to creditors was duly rendered by the county court and that said notice was duly published for 3 successive weeks in the legal Scotts Bluff newspaper aforesaid. A copy of said notice, which provided: "Notice is hereby given that all claims against said estate must be filed on or before the 12th day of April, 1954, or be forever barred, and that a hearing on claims will be

held in this Court on April 13th, 1954, at ten o'clock A. M." was set forth verbatim in plaintiffs' petitions. However, in like manner as heretofore set forth, plaintiffs alleged that they had no notice or knowledge of such publication.

Plaintiffs also each alleged that on May 19, 1954, the county court rendered a judgment in said estate barring claims. A copy of said judgment was then set forth verbatim. As far as important here, it provided: "IT IS THEREFORE CONSIDERED ORDERED AND ADJUDGED by the court that all claims not heretofore filed herein against the estate be, and they hereby are, forever barred." However, in like manner as heretofore set forth, plaintiffs alleged that they had no notice or knowledge of such judgment.

Plaintiffs then alleged that unless said judgment barring claims was vacated and set aside and plaintiffs were permitted to file their claims against the estate, they would be deprived of valuable property rights without notice, knowledge, or an opportunity to be heard. Their prayer was to have such judgment vacated and set aside, for permission to file their claims, and for hearing thereon after due notice was given.

At the outset it should be noted that Millard F. Cluck, Jr., was admittedly instantly killed in Saunders County on November 13, 1953, in the presence of plaintiffs and in the same accident as here involved. Plaintiffs and their counsel must have then known or could have timely learned by the exercise of any diligence that decedent was a resident of Scotts Bluff County and that his estate was being administered in that county. As a matter of fact, as hereinafter noted, plaintiffs and their counsel did soon learn of that fact, but by their own neglect, fault, and want of due diligence they took no timely steps to protect and preserve their rights.

In that connection, it has now become elementary that: "Where cases are interwoven and interdependent and the controversy involved has already been considered

and determined by the court in former proceedings involving one of the parties now before it, the court has the right and should examine its own records and take judicial notice of its own proceedings and judgments in the former action. Such cases are exceptions to the general rule warranted from the necessity of giving effect to former holdings which finally decide questions of fact and law." Cover v. Platte Valley Public Power & Irr. Dist., 162 Neb. 146, 75 N. W. 2d 661.

In that connection, our records, opinion, and judgment in Storm v. Malchow, 163 Neb. 541, 80 N. W. 2d 477, and Storm v. Malchow, 163 Neb. 543, 80 N. W. 2d 479, both decided January 18, 1957, disclose that on September 23, 1954, more than 10 months after November 13, 1953, plaintiffs Arthur Storm and Rose V. Storm filed original actions in the district court for Saunders County against R. LaVonne Cluck, as administratrix of the estate of Millard F. Cluck, Jr., deceased, and others, seeking to recover the same damages allegedly resulting from the same accident as relied upon by plaintiffs in their claims here involved. Therein, the administratrix demurred to plaintiffs' petitions, whereupon the trial court sustained the demurrers and dismissed plaintiffs' petitions for want of jurisdiction of the subject matter. Upon appeal therefrom we affirmed the judgments, holding in the first opinion and applicable to both cases, that: "A cause of action for personal injuries alleged to have been proximately caused by negligence of a decedent during his lifetime survives, and, when no action was brought thereon during his lifetime, it must be prosecuted by a claim filed against the estate of decedent in the county court which has exclusive original jurisdiction thereof."

In so holding, we relied on Rehn v. Bingaman, 151 Neb. 196, 36 N. W. 2d 856, adopted as early as April 14, 1949, wherein we held: "Where exclusive jurisdiction of a subject matter is constitutionally conferred on county courts, and where relief sought in an action per-

taining thereto but instituted in a district court is such that the county court, under powers so conferred, is authorized to grant it, the district court will be deemed to have no original jurisdiction in the premises.

"The word 'claim' includes every species of liability which an executor or an administrator of an estate can be called upon to pay, or provide for payment, out of the general fund of the estate."

Such rules must have been well known by counsel for plaintiffs, or could have been discovered by the exercise of any diligence. It will also be noted that such original actions aforesaid were filed almost 10 months after administration proceedings had begun on November 20, 1953, but less than 4 months after May 19, 1954, the date of the judgment barring all claims, and less than 1 month after plaintiffs could, for good cause shown, have applied for an extension of time to file their claims, which they did not do, although by the exercise of any diligence they did or could have timely known about the proceedings in the estate of Millard F. Cluck, Jr., deceased, long before their original actions were filed.

Further, Storm v. Malchow, 163 Neb. 541, 80 N. W. 2d 477, and Storm v. Malchow, 163 Neb. 543, 80 N. W. 2d 479, were both decided on January 18, 1957, and thereafter, with full notice and knowledge of their alleged rights, plaintiffs, by their own fault and lack of due diligence, procrastinated for almost 8 months until September 13, 1957, before they ever made any effort to file their claims against the estate. Under such circumstances, they are in no position now to complain that the trial court refused to vacate and set aside the judgment barring all claims which was rendered May 19, 1954, some 3 years and 4 months before plaintiffs made any effort to file their claims on September 13, 1957.

On the other hand, in any event this state has clear and unambiguous applicable and controlling in rem pro-

cedural and substantive statutes which bar plaintiffs' claims. Such statutes have been so construed and applied both by ancient and recent decisions of this court which have long since become customary, commonplace, elementary, and well-known to courts and lawyers throughout this state. Section 30-601, R. R. S. 1943, provides in part that: "When letters * * * of administration * * * shall be granted by any court of probate * * * it shall be the duty of the judge of the court to receive, examine, adjust and allow all lawful claims and demands of all persons against the deceased; Provided, the judge shall within forty days after the issuance of such letters * * * of administration, give notice of the date of the hearing of claims against the deceased and the limit of time for the presentation of claims by creditors, which notice shall be given by posting in four public places in the county, or by publication in a legal newspaper of the county three successive weeks, or in any manner which the court may direct." Admittedly, such section was complied with in every respect.

Section 30-603, R. R. S. 1943, provides that: "The court shall allow such time as the circumstances of the case shall require for the creditors to present their claims for examination and allowance, which time shall not in the first instance exceed eighteen months nor be less than three months; and the time allowed shall be stated in the order." Admittedly, that section was complied with in every respect.

In that connection, section 30-604, R. R. S. 1943, provides: "The court may extend the time allowed to creditors to present their claims, as the circumstances of the case may require; but not so that the whole time shall exceed two years." Also, section 30-605, R. R. S. 1943, provides: "Any creditor who has failed to present his claim within the time allowed, may, within three months after the expiration of such time, apply to the court for additional time for the filing and determination of his claim, and the court may, for good cause

shown, allow such further time not exceeding three months, but notice of the time and place for the hearing on claims thus filed within the additional time shall be given to all parties interested as prescribed in section 30-601." Further, section 30-609, R. R. S. 1943, provides in part that: "Every person having a claim or demand against the estate of a deceased person who shall not after the giving of notice as required in section 30-601 exhibit his claim or demand to the judge within the time limited by the court for that purpose, shall be forever barred from recovering on such claim or demand, or setting off the same in any action whatever."

In this case, claims of creditors, as admitted by plaintiffs, were timely required and noticed to be filed on or before April 12, 1954, and judgment barring claims was rendered May 19, 1954. However, plaintiffs, for want of any diligence, never made any timely application for an extension of time to file their claims and never made any attempt to file them in the estate until September 13, 1957, more than 3 years after April 12, 1954, when they were required to file them, and more than 3 years after May 19, 1954, when the judgment was rendered barring all claims. In other words, plaintiffs, by their own fault or neglect and for want of due diligence, failed to comply with either or all of sections 30-604, 30-605, and 30-609, R. R. S. 1943.

In In re Estate of Yetter, 125 Neb. 763, 252 N. W. 202, this court held that: "A claimant against the estate of a deceased person is not entitled to have time extended beyond that duly fixed by the county court so that he might present his claim, where such claimant has been guilty of inexcusable inattention, neglect, or lack of diligence."

As early as Estate of Fitzgerald v. First Nat. Bank of Chariton, 64 Neb. 260, 89 N. W. 813, this court concluded that what is now section 30-609, R. R. S. 1943, was a statute of nonclaim, and held that: "An adminis-

trator can not waive the defense of non-claim to the prejudice of his estate, either by agreement with the claimant or by neglecting to plead such defense."

. In In re Estate of Golden, 120 Neb. 226, 231 N. W. 833, we reaffirmed that conclusion and, citing authorities, said: "Claims not filed within the time limited by the county court, after due notice, are forever barred. * * * Time and notice given by the county court were in strict compliance with the statutes. The statute of non-claim as a bar is more rigorously applied than the general statute of limitations. * * * In Nebraska an administrator cannot waive the defense of nonclaim to the prejudice of the estate * * *. There is, however, a statutory provision that permits the filing of a belated claim within three months from expiration of the general time-limit. 'The court may,' says the statute, 'for good cause shown allow further time not exceeding three months.' * * * The sufficiency of the showing by claimants is the controlling question. The jurisdiction of the county judge to permit the filing of a belated claim depends upon good cause shown. In absence of such a showing he has no discretion to grant such permission." In conformity therewith, this court specifically held: "Claims against the estates of deceased persons are forever barred, unless presented within the time allowed by the county court for the filing of claims, or unless permission to file belated claims is granted pursuant to statute for good cause shown.

"The statute of nonclaim is generally more rigorously applied than the general statute of limitations.

"The jurisdiction of the county court to permit the filing of a belated claim against the estate of a deceased person depends upon good cause shown, and in the absence thereof there is no judicial discretion for the granting of such permission."

In that connection, it would be novel indeed if it were argued that a possible defendant in a tort action is required, in the absence of statute, to notify a pos-

sible plaintiff in the action that in 4 years his claim will be barred by the statute of limitations governing tort claims. Obviously, due process of law does not require notice in such a case. By analogy, notice is no more required in connection with the running of a statute of nonclaim, which an administrator cannot waive as a defense, than it is for a general statute of limitations which may generally be waived or used as a defense.

As recently as Supp v. Allard, 162 Neb. 563, 76 N. W. 2d 459, a case identical in all material respects with those at bar, we discussed and applied the statutes heretofore quoted. Therein we held: "The only way a creditor can give the county court authority to make an order extending the time in which to file his claim is to make such application within 3 months after the expiration of the time previously allowed for filing claims and then only by showing good cause for doing so. § 30-605, R. R. S. 1943." Also, in that opinion, after quoting from sections 30-605 and 30-609, R. R. S. 1943, and citing authorities, we said: "Neither the statute nor our holdings thereunder make any distinction as to creditors based on whether or not they are residents or nonresidents of the state, or upon the fact of whether or not they had personal notice or actual knowledge of the time allowed for the filing of claims. We think none was intended." See, also, Lesoing v. Dirks, 157 Neb. 183, 59 N. W. 2d 164, and Lesoing v. Dirks, 157 Neb. 194, 59 N. W. 2d 170, which are companion cases identical in all material respects with those at bar. Therein, in the first opinion and applicable to both cases, we held: "Where a person claiming to have a claim against an estate, having failed to present his claim within the time allowed therefor in the first instance by the probate court, makes application for that purpose within 3 months after the expiration of the time previously allowed, the court may, for good cause shown, allow

further time not exceeding 3 months for the filing and determination of such claim.

" 'Good cause,' as employed in our statute of nonclaim, is not definitely defined therein, and the proper interpretation and application thereof must depend upon the circumstances of each case.

"The jurisdiction of the county court to permit the filing of a belated claim against the estate of a deceased person depends upon good cause shown, and in the absence thereof there is no judicial discretion for the granting of such permission.

"A claimant against the estate of a deceased person is not entitled to have time extended beyond that duly fixed by the county court so that he might present his claim, where such claimant has been guilty of inexcusable inattention, neglect, or lack of diligence."

No authority in point has been cited or discussed by plaintiffs which could support any conclusion except that the judgments of the trial court should each be and hereby are affirmed. All costs in each case are separately taxed to each respective plaintiff, who is an appellant herein.

AFFIRMED.