IN RE ESTATE OF JOSEPH F. MASOPUST, DECEASED.
CLARENCE W. RITZ, APPELLANT, V. DARYL LONG, PERSONAL
REPRESENTATIVE OF THE ESTATE OF JOSEPH F. MASOPUST,
DECEASED, APPELLEE.
443 N.W.2d 274

Filed July 21, 1989.    No. 87-1017.

William C. Nelson and Albert G. Fuller, of Fuller, Chatelain & Nelson, for appellant.

Allen Fankhauser, of Kotouc, Fankhauser & Maschman, for appellee.

BOSLAUGH, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ., and COLWELL, D.J., Retired.

PER CURIAM.

The claimant, Clarence W. Ritz, has appealed from the order of the district court affirming the judgment of the county court disallowing his claim filed in the proceedings to administer the estate of Joseph F. Masopust, deceased.

On May 15, 1984, Robert Short sold 6,818 shares of stock of Peru Agency, Inc., a bank holding company, to Joseph Masopust. On October 15, 1984, Short assigned the $49,764.79 balance due from Masopust on the May 15 contract to the claimant Ritz. Masopust died on November 1, 1984, and proceedings to administer his estate were commenced on November 13, 1984. A notice to creditors was published on December 7, 14, and 21, 1984. A copy of the notice was not sent to Ritz, and he had no actual notice of the death of Masopust until September 1985.

Although Daryl Long, the personal representative of Masopust, had no knowledge of the assignment from Short to Ritz, Long had knowledge of the contract between Masopust and Short. Long was present, on the day of the funeral, when the decedent's brother Charles paid Short the $2,400 due November 1, 1984. On February 6, 1985, Long wrote a check

on estate funds to Short for $2,114.75 for the payment due February 1, 1985.

The last day for filing claims in the Masopust estate proceedings was February 7, 1985. On April 1, 1986, Ritz wrote to Long, informing him that he claimed $49,764.79 as the balance due from Masopust under the May 15, 1984, contract between Masopust and Short. On April 8, 1986, Long sent Ritz a notice of disallowance of his claim. On May 14, 1986, Ritz filed a petition for allowance of claim in the Masopust estate proceedings. The personal representative filed an answer on June 23, 1986. Both parties then filed motions for summary judgment.

The matter was heard in the county court on the pleadings, depositions, and a stipulation of facts on January 22, 1987. On May 19, 1987, the court found that the claim was barred under Neb. Rev. Stat. § 30-2485 (Reissue 1985) and disallowed the claim. Upon appeal to the district court, the judgment was affirmed. The claimant has now appealed to this court.

The claimant contends that the trial court erred in finding that the claim was barred, because Ritz, a known creditor, had not been given notice of the order concerning the filing of claims in the Masopust estate proceedings; that a failure to allow the claim would result in a windfall or unjust enrichment to the estate; that the defense of limitations had been waived by partial payments; that the estate was estopped from denying the validity of the claim; and that the claimant should prevail under general equitable provisions. As a matter of law, none of these contentions have merit.

In *In re Estate of Feuerhelm*, 215 Neb. 872, 874-75, 341 N.W.2d 342, 344 (1983), we held:

The purpose of the nonclaim statute, § 30-2485, is facilitation and expedition of proceedings for distribution of a decedent's estate, including an early appraisal of the respective rights of interested persons and prompt settlement of demands against the estate. As a result of the nonclaim statute, the probate court or the personal representative can readily ascertain the nature and extent of the decedent's debts, determine whether any sale of property is necessary to satisfy a decedent's debts, and

project a probable time at which the decedent's estate will be ready for distribution. See, 2A Neb. Rev. Stat. General Comment at 674 (Reissue 1979); *Simpson v. First Nat. Bank & Trust Co. of Lake Worth*, 318 So. 2d 209 (Fla. App. 1975).

In *J. J. Schaefer Livestock Hauling v. Gretna St. Bank*, 229 Neb. 580, 593-94, 428 N.W.2d 185, 193-94 (1988), we held that the requirements of § 30-2485 are mandatory, and where a claim is not filed within the time provided in the statute it is barred. We said:

Claims against the estate of a decedent which are based on promissory notes executed by the deceased must be presented within the time provided by Neb. Rev. Stat. § 30-2485(a)(1) (Reissue 1985) and in the manner provided in Neb. Rev. Stat. § 30-2486 (Reissue 1985), if notice to creditors has been published. Section 30-2485(a) provides as follows:

"(a) All claims against a decedent's estate which arose before the death of the decedent, including claims of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, if not barred earlier by other statute of limitations, are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless presented as follows:

"(1) within two months after the date of the first publication of notice to creditors if notice is given in compliance with section 30-2483; *Provided*, claims barred by the nonclaim statute at the decedent's domicile before the first publication for claims in this state are also barred in this state. If any creditor has a claim against a decedent's estate which arose before the death of the decedent and which was not presented within the time allowed by this subdivision, including any creditor who did not receive notice, such creditor may apply to the court within sixty days after the expiration date provided in this subdivision for additional time and the court, upon good cause shown, may allow further time not to exceed thirty days;

"(2) within three years after the decedent's death, if notice to creditors has not been published."

In case No. 87-113, the district court found that the bank's claim against the estate of Charlie Parks on the promissory notes was not timely filed as required by § 30-2485. Notice to creditors was published on February 20, 1985, and the bank had failed to file a claim or suit on the promissory notes within 2 months of that time, according to the order of the district court.

These cases are in agreement with the earlier decisions of this court. In *Storm v. Cluck*, 168 Neb. 13, 22, 95 N.W.2d 161, 167 (1959), we held:

"The only way a creditor can give the county court authority to make an order extending the time in which to file his claim is to make such application within 3 months after the expiration of the time previously allowed for filing claims and then only by showing good cause for doing so. § 30-605, R. R. S. 1943."

In that case we said at 20-21, 95 N.W.2d at 166-67:

In this case, claims of creditors, as admitted by plaintiffs, were timely required and noticed to be filed on or before April 12, 1954, and judgment barring claims was rendered May 19, 1954. However, plaintiffs, for want of any diligence, never made any timely application for an extension of time to file their claims and never made any attempt to file them in the estate until September 13, 1957, more than 3 years after April 12, 1954, when they were required to file them, and more than 3 years after May 19, 1954, when the judgment was rendered barring all claims. In other words, plaintiffs, by their own fault or neglect and for want of due diligence, failed to comply with either or all of sections 30-604, 30-605, and 30-609, R.R.S. 1943.

In In re Estate of Yetter, 125 Neb. 763, 252 N.W. 202, this court held that: "A claimant against the estate of a deceased person is not entitled to have time extended beyond that duly fixed by the county court so that he might present his claim, where such claimant has been guilty of inexcusable inattention, neglect, or lack of diligence."

As early as Estate of Fitzgerald v. First Nat. Bank of Chariton, 64 Neb. 260, 89 N.W. 813, this court concluded that what is now section 30-609, R.R.S. 1943, was a statute of nonclaim, and held that: "An administrator can not waive the defense of non-claim to the prejudice of his estate, either by agreement with the claimant or by neglecting to plead such defense."

In In re Estate of Golden, 120 Neb. 226, 231 N.W. 833, we reaffirmed that conclusion and, citing authorities, said: "Claims not filed within the time limited by the county court, after due notice, are forever barred. * * * Time and notice given by the county court were in strict compliance with the statutes. The statute of nonclaim as a bar is more rigorously applied than the general statute of limitations. * * * In Nebraska an administrator cannot waive the defense of nonclaim to the prejudice of the estate * * *. There is, however, a statutory provision that permits the filing of a belated claim within three months from expiration of the general time-limit. 'The court may,' says the statute, 'for good cause shown allow further time not exceeding three months.' * * * The sufficiency of the showing by claimants is the controlling question. The jurisdiction of the county judge to permit the filing of a belated claim depends upon good cause shown. In absence of such a showing he has no discretion to grant such permission." In conformity therewith, this court specifically held: "Claims against the estates of deceased persons are forever barred, unless presented within the time allowed by the county court for the filing of claims, or unless permission to file belated claims is granted pursuant to statute for good cause shown. ·

"The statute of nonclaim is generally more rigorously applied than the general statute of limitations.

"The jurisdiction of the county court to permit the filing of a belated claim against the estate of a deceased person depends upon good cause shown, and in the absence thereof there is no judicial discretion for the granting of such permission."

In *Supp v. Allard*, 162 Neb. 563, 566, 76 N.W.2d 459, 461

(1956), we said:

> Neither the statute nor our holdings thereunder make any distinction as to creditors based on whether or not they are residents or nonresidents of the state, or upon the fact of whether or not they had personal notice or actual knowledge of the time allowed for the filing of claims. We think none was intended.

The judgment of the district court is affirmed.

AFFIRMED.

HASTINGS, C.J., participating on briefs.