IN RE ESTATE OF LYLE C. EMERY, JR., DECEASED.
NATIONAL BANK OF COMMERCE TRUST & SAVINGS
ASSOCIATION, APPELLANT, V. BARBARA D. OTTO, PERSONAL
REPRESENTATIVE OF THE ESTATE OF LYLE C. EMERY, JR.,
DECEASED, ET AL., APPELLEES.

606 N.W.2d 750

Filed February 11, 2000.    No. S-98-1180.

Stanley H. Foster for appellant.

John M. McHenry and Stephanie R. Hupp, of McHenry, Haszard, Hansen & Roth, special administrators of the Estate of Lyle C. Emery, Jr., deceased.

Donald H. Bowman and Jennifer S. Liliedahl, of Bowman & Krieger, for appellee First Concord Group, Inc.

WRIGHT, CONNOLLY, GERRARD, MCCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

National Bank of Commerce Trust & Savings Association (NBC) resisted the filing of a claim by First Concord Group, Inc. (FCG), against the estate of Lyle C. Emery, Jr. The probate court permitted the filing of the claim, and a special administrator was appointed who subsequently allowed part of FCG's claim. NBC objected to the allowance and appeals from the probate court's subsequent order allowing the claim.

## SCOPE OF REVIEW

■ The determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach its own conclusion independent from that of the trial court. *State ex rel. Stenberg v. Moore, ante* p. 199, 602 N.W.2d 465 (1999).

■ Statutory interpretation presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Ferguson v. Union Pacific RR. Co., ante* p. 78, 601 N.W.2d 907 (1999).

## FACTS

Emery was the president and majority shareholder of FCG at the time of his death on August 10, 1997. Barbara D. Otto, the acting president of FCG, was appointed personal representative of Emery's estate on August 19. Thomas J. Fitchett, who had been the attorney for FCG, also became the attorney for the estate. Eventually, David R. Wilson was retained by FCG as its attorney, and Fitchett continued to represent the estate.

On August 27, 1997, notice to creditors was published in a local legal newspaper. The notice stated that October 27 was the deadline by which all creditors of the estate were to file their claims with the Lancaster County Court. It is undisputed that FCG was not mailed a copy of this public notice, did not waive the need for such notice, did not enter a voluntary appearance,

and was not personally served with a summons. See Neb. Rev. Stat. § 25-520.01 (Reissue 1995).

Other creditors, including NBC, filed claims against the estate prior to the October 27, 1997, deadline. FCG prepared and filed a claim against the estate on November 7. On January 6, 1998, FCG filed a motion for approval of the filing of the claim. NBC filed an objection to this motion.

On March 11, 1998, FCG's motion to file a claim and NBC's objection to that motion were heard before the county court. On April 29, the court entered an order approving FCG's filing of the claim. The court found that the personal representative knew of FCG's claim and should have sent notice to FCG. Relying upon Neb. Rev. Stat. § 30-2485(a)(2) (Reissue 1995), the court reasoned that because notice was not properly sent, FCG was entitled to 3 years in which to file its claim.

A special administrator was appointed, and on August 7, 1998, the special administrator filed a notice of allowance of part of FCG's claim. NBC objected to the allowance, and a hearing was held on that objection. The county court subsequently overruled NBC's objection, and NBC appeals from that order.

## ASSIGNMENTS OF ERROR

NBC claims, summarized and restated, that the county court erred (1) in its April 29, 1998, order which overruled NBC's objection to FCG's motion to approve the filing of its claim; (2) in assuming subject matter jurisdiction over FCG's claim and failing to find that such claim was barred because it was not timely filed; (3) in holding that FCG did not have to comply with § 30-2485(a)(1); (4) in holding that due to the failure of the personal representative to mail notice of the probate to FCG, FCG had 3 years to file its claim; (5) in finding that actual notice of the claim deadline by FCG's president and its attorney was irrelevant; (6) in failing to take judicial notice of the evidence presented at the March 11 hearing; (7) in holding that NBC lacked standing to object to the special administrator's allowance of part of the claim filed by FCG; (8) in finding that its order of April 29 was res judicata, thereby precluding NBC from challenging the subject matter jurisdiction of the court to allow FCG's claim; and (9) in overruling NBC's objection to the

special administrator's allowance of part of the claim filed by FCG.

## ANALYSIS

As a preliminary matter, we address FCG's claim that this court does not have jurisdiction over this matter because NBC lacked standing to object to the allowance of FCG's claim and because NBC filed its appeal out of time. The determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach an independent conclusion. *Cotton v. Steele*, 255 Neb. 892, 587 N.W.2d 693 (1999).

Standing is a jurisdictional component of a party's case because only a party who has standing may invoke the jurisdiction of a court. *Id.* Standing relates to a court's power, that is, jurisdiction, to address the issues presented and serves to identify those disputes which are appropriately resolved through the judicial process. *Id.* As an aspect of jurisdiction and justiciability, standing requires that a litigant have such a personal stake in the outcome of a controversy as to warrant invocation of a court's jurisdiction and justify the exercise of the court's remedial powers on the litigant's behalf. *Id.*

We conclude that NBC has standing to object to the claim. The basis for NBC's standing is set forth in Neb. Rev. Stat. § 30-2209(21) (Reissue 1995). At the time NBC filed its objection to FCG's claim, NBC was a creditor which had an interest in the estate. Actions in the county court for probate of a will are in rem, and every person interested in the subject matter is a party in the county court whether named or not. *In re Estate of Reikofski*, 144 Neb. 735, 14 N.W.2d 379 (1944). Such person may appear for the purpose of protecting his or her interest in the county court. *Id.*

The evidence shows that NBC has an interest in the assets of the estate. If FCG's claim is allowed, NBC's recovery from the assets of the estate will be greatly diminished. Therefore, NBC has a personal stake in the outcome of the controversy and, as a creditor of the estate, has standing to bring this suit.

FCG also argues that NBC's appeal was not timely filed because NBC should have appealed from the order of April 29,

1998. This order permitted FCG to file its claim against the estate but made no determination of the merits of the claim. In *In re Estate of Golden*, 120 Neb. 226, 231 N.W. 833 (1930), the court allowed a creditor to file a belated claim against an estate. We held that while a peremptory denial of permission to file a claim is a final, appealable order, permission to file a claim after the time for filing has run is an interlocutory order.

Neb. Rev. Stat. § 30-2488(d) (Reissue 1995) provides: "A final judgment in a proceeding in any court against a personal representative to enforce a claim against a decedent's estate is an allowance of the claim." Therefore, until the claim of FCG was allowed, NBC did not have a final order from which to appeal. NBC could not have appealed from the April 29 order, and thus, NBC properly appealed after the special administrator allowed part of FCG's claim.

NBC's numerous assignments of error can be combined into three basic arguments: (1) that the county court erred in determining that § 30-2485 gave FCG 3 years in which to file its claim, (2) that FCG did not need to receive notice by mail because it had actual notice of the deadline for filing its claim, and (3) that the personal representative lacked authority to allow a creditor to file a claim beyond the deadline.

NBC claims the county court erred by overruling its objection that FCG's claim was filed out of time and in finding that FCG had 3 years in which to file its claim. Since the claim was not filed within the 2-month deadline, we review the requirements set forth in chapter 30, article 24, of the Nebraska Revised Statutes to determine whether the court properly allowed part of FCG's claim. Statutory interpretation presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Ferguson v. Union Pacific RR. Co., ante* p. 78, 601 N.W.2d 907 (1999).

Neb. Rev. Stat. § 30-2483 (Reissue 1995) provides that within 30 days after the appointment of a personal representative, the clerk of the county court shall publish a notice announcing the appointment and notifying creditors that claims must be presented within 2 months. A party instituting or maintaining a proceeding, or his or her attorney, is required to mail the published

notice and give proof thereof in accordance with § 25-520.01. § 30-2483.

Section 25-520.01 requires that

> a party instituting or maintaining [an] action or proceeding . . . shall within five days after the first publication of notice send by United States mail a copy of such published notice to each and every party appearing to have a direct legal interest in such action . . . whose name and post office address are known to him. . . . It shall not be necessary to serve the notice prescribed by this section upon any competent person . . . who has waived notice in writing, entered a voluntary appearance, or has been personally served with summons or notice in such proceeding.

As a creditor, FCG had a direct legal interest, and therefore, pursuant to §§ 25-520.01 and 30-2483, the personal representative was required to mail notice to FCG unless FCG had waived notice in writing, had entered a voluntary appearance, or had previously been served with summons or notice. The county court found that FCG had not received written notice that Emery's estate was being probated even though investigation and diligence on the part of the personal representative would have disclosed the existence of the claim. We agree and therefore treat FCG as a creditor who did not receive proper notice.

Section 30-2485 limits the time in which claims may be presented against an estate and specifically explains what is to be done when a creditor is not provided with proper notice. Section 30-2485(a)(2) states that if notice to creditors has not been given in compliance with §§ 25-520.01 and 30-2483, the creditor has 3 years after the decedent's death in which to file a claim.

Section 30-2485(a)(1) states that any creditor with a claim that arose before the death of the decedent which was not presented within 2 months, including any creditor who did not receive notice, may apply within 60 days after the expiration date for additional time to file a claim for good cause shown. NBC argues that § 30-2485(a)(2) does not apply to FCG and that FCG must comply with § 30-2485(a)(1) before it can file a claim out of time.

NBC relies upon *In re Estate of Masopust*, 232 Neb. 936, 443 N.W.2d 274 (1989), which held that any creditor who did not file its claim in time must apply to the court for an extension. There, the creditor was not allowed to file a claim even though it had not been given written notice. We held that in order to give the county court authority to extend the time in which to file a claim, the creditor must make application within the time allotted for filing claims and then only by showing good cause for doing so. *In re Estate of Masopust* does not apply because § 30-2485(a)(2) has since been amended to provide that effective September 6, 1991, a creditor has 3 years to file a claim if he or she has not received notice as provided in §§ 25-520.01 and 30-2483.

Some confusion may arise since the amendment did not change the language of § 30-2485(a)(1). In applying the rules of statutory construction, we must give effect, if possible, to all the several parts of a statute. No sentence, clause, or word should be rejected as meaningless or superfluous if it can be avoided. See *Omaha Pub. Power Dist. v. Nebraska Dept. of Revenue*, 248 Neb. 518, 537 N.W.2d 312 (1995). Section 30-2485(a)(1) applies to all creditors who may ask the county court for an extension of time to file a claim, but § 30-2485(a)(2) applies only to creditors who do not receive notice. Therefore, both § 30-2485(a)(1) and (2) apply to creditors who do not receive notice.

However, we cannot conclude that FCG must request an extension pursuant to § 30-2485(a)(1) prior to filing a claim after the deadline set forth in the notice. Although § 30-2485(a)(1) provides that any creditor "may apply" for additional time to file a claim, the operative language relates to creditors who have missed the deadline and who may apply for an extension by showing good cause. FCG could have sought an extension pursuant to § 30-2485(a)(1), but since FCG did not receive notice, it was also entitled to the 3-year extension provided for in § 30-2485(a)(2). FCG's failure to ask for an extension pursuant to § 30-2485(a)(1) did not deprive the county court of jurisdiction over FCG's claim.

In summary, the county court found that FCG was not bound by the 2-month period for filing its claim because it had not

received proper notice, and we agree. We find no error in the court's conclusion that FCG, as a creditor which did not receive notice, was entitled to 3 years from the date of Emery's death to file its claim. Thus, NBC's assigned errors attacking FCG's claim as being untimely are without merit.

Next, NBC argues that FCG had actual notice that Emery's estate was being probated and therefore did not need to receive written notice of the probate. Again, this argument is answered by §§ 25-520.01 and 30-2483, which provide that if the identity and address of the interested party is known or reasonably ascertainable, the interested party shall receive notice by mail.

NBC also argues that the personal representative lacked authority to consent to the filing of FCG's claim out of time. Neb. Rev. Stat. § 30-2484 (Reissue 1995) provides in part: "Unless an estate is insolvent the personal representative, with the consent of all successors, may waive any defense of limitations available to the estate." NBC's argument is without merit. FCG did not need the personal representative's consent to file a claim because FCG did not receive proper notice and therefore was entitled to 3 years in which to file its claim.

We decline to address NBC's other assignments of error because it has not argued these errors in its brief. Errors assigned but not argued will not be addressed. *Van Ackeren v. Nebraska Bd. of Parole*, 251 Neb. 477, 558 N.W.2d 48 (1997).

## CONCLUSION

After reviewing the assignments of error made and argued by NBC, we find them to be without merit. Thus, we affirm the determination of the county court that a portion of FCG's claim should be allowed.

AFFIRMED.

HENDRY, C.J., and STEPHAN, J., not participating.