Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/02/2021 08:08 AM CDT

IN RE ESTATE OF VICTOR SCHURMAN, DECEASED.
MICHAEL D. SCHURMAN, APPELLANT, V. THOMAS
G. LIESKE, SUCCESSOR PERSONAL REPRESENTATIVE
AND SPECIAL ADMINISTRATOR OF THE ESTATE OF
VICTOR SCHURMAN, APPELLEE, AND PATRICIA L.
HARRIS AND JEFFREY R. HARRIS, SUCCESSOR
COTRUSTEES OF THE CHRISTINE J.
SCHURMAN REVOCABLE TRUST,
INTERVENORS-APPELLEES.

___ N.W.2d ___

Filed October 19, 2021.    No. A-20-750.

1. **Actions: Parties: Standing: Judgments: Jurisdiction: Appeal and Error.** Whether a party who commences an action has standing and is therefore the real party in interest presents a jurisdictional issue. A jurisdictional issue that does not involve a factual dispute presents a question of law, which the appellate courts independently decide.
2. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction to decide them.
3. ____: ____. When a lower court lacks the power, that is, the subject matter jurisdiction, to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court.
4. **Standing: Words and Phrases.** Standing is the legal or equitable right, title, or interest in the subject matter of the controversy which entitles a party to invoke the jurisdiction of the court.
5. **Standing: Jurisdiction: Parties.** Standing is a jurisdictional component of a party's case, because only a party who has standing may invoke the jurisdiction of a court.
6. **Standing: Claims: Parties.** The purpose of an inquiry as to standing is to determine whether one has a legally protectable interest or right in

- 260 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
IN RE ESTATE OF SCHURMAN
Cite as 30 Neb. App. 259

the controversy that would benefit by the relief to be granted. In order to have standing, a litigant must assert the litigant's own legal rights and interests and cannot rest his or her claim on the legal rights or interests of third parties.

7. **Decedents' Estates.** The general rule is that any person beneficially interested in the estate embraced in an administration account may file objections to the terms or matters contained in the account.

8. **Decedents' Estates: Executors and Administrators.** It is the duty of a personal representative to take possession of a decedent's property and to settle and distribute the estate.

9. **Decedents' Estates: Executors and Administrators: Actions: Standing.** The right and duty to sue and recover assets for an estate reside in the estate's appointed personal representative, not in the devisees.

10. **Decedents' Estates: Wills: Actions: Parties: Standing.** Actions in the county court for probate of a will are in rem, and every person interested in the subject matter is a party in the county court, whether named or not. Such person may appear for the purpose of protecting his or her interest in the county court.

Appeal from the County Court for Adams County: Michael P. Burns, Judge. Affirmed in part, and in part vacated.

Bradley D. Holbrook and Elizabeth J. Klingelhoefer, of Jacobsen, Orr, Lindstrom & Holbrook, P.C., L.L.O., for appellant.

Richard Calkins and Patrick J. Calkins, of Calkins Law Office, for appellee.

Kevin A. Brostrom, of Lauritsen, Brownell & Brostrom, P.C., L.L.O., for intervenors-appellees.

Riedmann and Arterburn, Judges.

Riedmann, Judge.

## INTRODUCTION

Michael D. Schurman appeals the decision of the county court for Adams County, ordering him to return $160,000 to his father's estate. Finding that the intervenors who requested the relief were without standing to do so, we vacate the county court's order on this issue. Other portions of the county

- 261 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
IN RE ESTATE OF SCHURMAN
Cite as 30 Neb. App. 259

court's order are vacated for jurisdictional reasons, as set forth below. The order is otherwise affirmed.

## BACKGROUND

Victor Schurman died on April 23, 2012, and was survived by two biological children, Michael and James V. Schurman. Their mother, who was Victor's first wife, predeceased him. Victor's second wife, Christine Schurman, survived him and had four children, two of which are involved in this action as intervenors, Patricia L. Harris and Jeffrey R. Harris (the intervenors). On May 1, Christine filed an application for informal probate of will and informal appointment of personal representative, asking the court to conduct an informal probate of Victor's will, dated July 5, 2011.

The will instructs that after paying funeral and estate administration costs, four of Victor's grandchildren should receive specific amounts of cash. The remainder of the cash assets was granted to Michael and James in equal shares. Christine was granted a vehicle and agricultural real estate, and one of the grandsons was granted mineral interests. The remainder of the estate, not specifically bequeathed, was granted to Michael. The will designated a personal representative; however, in August 2012, he filed a petition for leave to withdraw and for the appointment of a successor personal representative. In October, a successor personal representative was appointed.

Michael and Victor had entered into a farm lease in February 2012 by which they leased out six parcels of land (the Six Parcels) for an annual fee of $114,000. On March 1, Michael received the first installment payment on the lease of $57,000. However, according to Michael, the second installment of $57,000 on September 1 was paid to Victor's estate to cover Victor's funeral costs. In 2013, Michael negotiated a new lease for the Six Parcels for an annual fee of $120,000, all of which Michael received. The lease renewed for 2014 and 2015. The estate never demanded that Michael remit the rental payments from the Six Parcels to the estate.

- 262 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
30 NEBRASKA APPELLATE REPORTS
IN RE ESTATE OF SCHURMAN
Cite as 30 Neb. App. 259

This estate has a lengthy history of civil proceedings initiated by Michael. Shortly after Christine moved for informal probate of the will, Michael filed a claim of undue influence, which he dismissed in December 2014 after considerable discovery. Michael also filed a petition for allowance of claim in August 2012, claiming that he had a life estate in some of Victor's property and thereby was the rightful recipient of rental income from the property. Michael requested that the probate court allow him to recoup $612,000 from the estate, but the personal representative denied the claim. Following discovery and the retention of expert witnesses, Michael dismissed that petition in April 2014. In addition to the undue influence lawsuit, Michael filed two other actions in the district court for Adams County, one involving a certificate of deposit owned by Victor and the other involving a promissory note allegedly owed to Victor. The district court dismissed Michael's complaint in the case involving the certificate of deposit following trial and entered summary judgment against Michael in the promissory note case.

In August 2013, Michael filed a motion to remove the successor personal representative, claiming that he failed to (1) file a statutorily required inventory, (2) diligently investigate the assets and liabilities of the estate, and (3) fulfill his duties as personal representative in a timely and proper manner.

On May 18, 2015, the successor personal representative deeded two parcels of land to Christine as bequeathed by the will. Also on May 18, he deeded an undivided one-half interest in the Six Parcels to Michael, pursuant to the will's residual clause. From the time of Victor's death until the distribution of these parcels of land, the successor personal representative retained all of the income from Christine's parcels of land to pay estate expenses. The successor personal representative testified that the income from the Six Parcels went directly to Michael and that he never asked Michael to remit that income to the estate.

- 263 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
IN RE ESTATE OF SCHURMAN
Cite as 30 Neb. App. 259

In July 2015, Michael filed an amended motion to remove the successor personal representative, adding to the original allegations that he failed to file an inheritance tax return and failed to file legal actions to recover assets owed to the estate, among others.

On March 6, 2018, the successor personal representative filed a confession of judgment to be removed as the successor personal representative. The parties filed a joint stipulation assenting to the confession of judgment and to remove him as the successor personal representative. The court approved the joint stipulation; however, the successor personal representative remained the special administrator of the estate for limited purposes, including signing and filing tax returns, receiving rents, and paying expenses for the estate's oil interests. He filed his last accounting of Victor's estate on May 7.

In September 2018, Michael filed an application for appointment of a special administrator, nominating himself, for the purpose of making a claim on behalf of the estate against the estate of Christine, who had since passed away. The intervenors objected. The court denied Michael's application.

The intervenors filed a complaint to intervene in January 2019. They claimed that after Christine's death in August 2018, they became the successor cotrustees of the "Christine J. Schurman Revocable Trust" (Trust) pursuant to the Trust's terms. They also claimed that as a result of Michael's actions, the Trust incurred expenses and/or was denied assets from Victor's estate, and that they should be allowed to intervene to protect the interests of Christine, her Trust, and its beneficiaries.

Our record does not include an order allowing the intervenors to intervene, but they filed a motion of intervenors in May 2019. In their motion, they set forth three "claims." First, they alleged that Christine and her Trust incurred unnecessary attorney fees and costs defending against various claims Michael filed in both the probate court and the district court, and they sought reimbursement from Michael. Next, they asserted

- 264 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
30 NEBRASKA APPELLATE REPORTS
IN RE ESTATE OF SCHURMAN
Cite as 30 Neb. App. 259

that Victor's estate incurred fees and costs for the successor personal representative and his two attorneys resulting from Michael's "frivolous claims" and requested that these amounts be assessed against Michael. Finally, they claimed that farm income to which Christine was entitled was used to pay estate expenses, whereas Michael retained all of the rental income from the Six Parcels. They requested that Christine be reimbursed for excess contributions and that Michael be ordered to remit to the estate the income he received. They further requested that the court complete a full accounting.

A hearing was scheduled on the intervenors' motion. After the intervenors presented their evidence, Michael's counsel moved for a directed verdict, raising the issue of standing. He stated:

I'm still unsure as to how an interested party makes a claim against another interested party, which is basically what they're trying to do, and/or trying to ask for an asset to be put back into the estate. That's what a [personal representative] does. And the intervenors are not the personal representative. So, I'm uncertain of the fact that they have any authority whatsoever, but even if they did, they've absolutely proven nothing today.

The court denied Michael's motion. In a subsequent written order, the probate court found that Michael had retained $160,000 of assets from the estate between rent proceeds and government payments and ordered Michael to turn over to the special administrator that $160,000 within 30 days of its order. Regarding the intervenors' claim for attorney fees incurred in the district court proceedings, the court found that the evidence presented did not warrant reimbursement of such fees. As to fees incurred in the probate proceeding, the court found that the "extensive investigation and discovery" was "instigated and perpetuated by Michael and for the primary (if not the exclusive) purpose of pursuing Michael's personal interests in this estate"; however, it declined to award attorney fees. The court did not perform an accounting and initially held in

abeyance the intervenors' claim for reimbursement of estate expenses, but subsequently denied that request without prejudice to refiling at a later date. Michael appeals.

## ASSIGNMENTS OF ERROR

Michael assigns that the probate court's orders should be (1) vacated because the intervenors lack standing to seek redress as set forth in their motion of intervenors; (2) reversed because even if the personal representative had brought an action to recover rental income from Michael, the personal representative never demanded that Michael return rental income and issued a deed of distribution to Michael; and (3) remanded because if Michael is required to return rental income, the most he should be ordered to return is $53,525.50.

## STANDARD OF REVIEW

[1] Whether a party who commences an action has standing and is therefore the real party in interest presents a jurisdictional issue. A jurisdictional issue that does not involve a factual dispute presents a question of law, which the appellate courts independently decide. *In re Estate of Hedke*, 278 Neb. 727, 775 N.W.2d 13 (2009).

## ANALYSIS

*Subject Matter Jurisdiction.*

[2,3] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction to decide them. See *In re Interest of Paxton H.*, 300 Neb. 446, 915 N.W.2d 45 (2018). When a lower court lacks the power, that is, the subject matter jurisdiction, to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court. *In re Trust Created by Augustin*, 27 Neb. App. 593, 935 N.W.2d 493 (2019).

As part of their first claim, the intervenors sought an order requiring Michael to reimburse Christine and/or her Trust for attorney fees she incurred while defending against the three

- 266 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
IN RE ESTATE OF SCHURMAN
Cite as 30 Neb. App. 259

district court actions. We determine that the probate court lacked subject matter jurisdiction to address this issue. Neb. Rev. Stat. § 30-2211 (Reissue 2016) grants subject matter jurisdiction to the probate court over all matters relating to estates of decedents, including construction of wills and determination of heirs and successors of decedents. Here, the attorney fees incurred were those of an heir or a devisee, and the intervenors were seeking reimbursement not from the estate, but from another heir or devisee. Moreover, the fees were incurred in the district court, not the probate court. Therefore, we conclude that the probate court lacked subject matter jurisdiction to address this issue. Accordingly, its order denying the fees incurred in the district court is void and must be vacated.

*Standing of Intervenors.*

Michael assigns that the probate court's orders should be vacated because the intervenors lack standing to seek redress as set forth in their motion. However, his argument is limited to the intervenors' standing to recover money from property of the estate. Although an appellate court generally requires that arguments be both assigned and argued in order to be addressed on appeal, we briefly address the intervenors' standing over all relief requested, because standing is jurisdictional. See *Sarpy Cty. Bd. of Comrs. v. Sarpy Cty. Land Reutil*., 9 Neb. App. 552, 615 N.W.2d 490 (2000).

[4,5] Standing is the legal or equitable right, title, or interest in the subject matter of the controversy which entitles a party to invoke the jurisdiction of the court. *Nielsen v. Nielsen*, 13 Neb. App. 738, 700 N.W.2d 675 (2005). Standing relates to a court's power, that is, jurisdiction, to address the issues presented and serves to identify those disputes which are appropriately resolved through the judicial process. *Id.* Standing is a jurisdictional component of a party's case, because only a party who has standing may invoke the jurisdiction of a court. *Id.*

[6] The purpose of an inquiry as to standing is to determine whether one has a legally protectable interest or right in the

- 267 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
30 NEBRASKA APPELLATE REPORTS
IN RE ESTATE OF SCHURMAN
Cite as 30 Neb. App. 259

controversy that would benefit by the relief to be granted. *Id.* In order to have standing, a litigant must assert the litigant's own legal rights and interests and cannot rest his or her claim on the legal rights or interests of third parties. *Id.* The litigant must have some legal or equitable right, title, or interest in the subject of the controversy. *Id.*

The duties and responsibilities of a personal representative are outlined in Neb. Rev. Stat. § 30-2464 (Reissue 2016). The basic responsibility of a personal representative is "to settle and distribute the estate of the decedent in accordance with the terms of any probated and effective will and this code, as expeditiously and efficiently as is consistent with the best interests of the estate." § 30-2464(a). Additionally, the personal representative shall "take all steps reasonably necessary for the management, protection and preservation of, the estate in his possession. He may maintain an action to recover possession of property or to determine the title thereto." Neb. Rev. Stat. § 30-2470 (Reissue 2016). To acquire the powers and undertake the duties and liabilities of a personal representative, a person must be appointed by the court and be issued letters. Neb. Rev. Stat. § 30-2403 (Reissue 2016).

With these principles in mind, we turn to the intervenors' claims. In their first claim, the intervenors sought recovery from Michael for the attorney fees and costs incurred by Christine and her Trust in defending against various claims both in the probate court and in the district court. As stated above, the probate court lacked subject matter jurisdiction to address the claim for attorney fees incurred in the district court. As to attorney fees incurred in the probate court, we determine that the intervenors had standing to request that the fees incurred by Christine and/or her Trust be directly reimbursed by Michael. This was not a claim involving estate assets, which only a personal representative can make; rather, it was a request that the court assess costs against Michael for fees paid directly by Christine or her Trust in defending against Michael's claims. And because these fees were incurred in

- 268 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
30 NEBRASKA APPELLATE REPORTS
IN RE ESTATE OF SCHURMAN
Cite as 30 Neb. App. 259

the county court, we find that it had subject matter jurisdiction over the claim. The county court denied the intervenors' request for attorney fees, and the intervenors do not cross-appeal that decision. We therefore affirm the county court's denial of these fees.

[7] The intervenors assert in their second claim that Michael should be held liable for the charges against the estate made by the successor personal representative and his two attorneys. In the accounting filed by the successor personal representative in May 2018, he listed outstanding fees and expenses he incurred while administering the estate, as well as outstanding fees for two attorneys who assisted him. The probate court denied the intervenors' claim without prejudice to refiling after submission of a final accounting. We interpret the intervenors' claim as an objection to the use of estate assets to satisfy these claims. The general rule is that any person beneficially interested in the estate embraced in an administration account may file objections to the terms or matters contained in the account. See *In re Estate of Graham*, 301 Neb. 594, 919 N.W.2d 714 (2018). Therefore, the intervenors would have standing to object to a final accounting that proposed payment of these fees from the estate. Although the intervenors did not file an objection to the May 2018 accounting, but instead sought to hold Michael liable for these costs through their motion, we see no practical difference that would affect their standing. Therefore, the intervenors had standing to bring this claim. Because the probate court denied it without prejudice to refiling after submission of a final accounting, we do not address the merits of the claim.

[8,9] The essence of the intervenors' third claim is that Christine's income from estate assets was used to pay estate expenses, whereas Michael was allowed to retain his income from estate assets; therefore, Christine should be reimbursed for excess contributions and Michael should be required to contribute to the expense. However, it is the duty of a personal

- 269 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
IN RE ESTATE OF SCHURMAN
Cite as 30 Neb. App. 259

representative to take possession of a decedent's property and to settle and distribute the estate. See §§ 30-2464 and 30-2470. See, also, Neb. Rev. Stat. § 30-2476 (Reissue 2016). Under the Nebraska Probate Code, the right and duty to sue and recover assets for an estate reside in the estate's appointed personal representative, not in the devisees. *Malousek v. Meyer*, 309 Neb. 803, 962 N.W.2d 676 (2021); *In re Estate of Hedke*, 278 Neb. 727, 775 N.W.2d 13 (2009).

Accordingly, we find no authority that allows an heir or devisee to maintain an action against another heir or devisee to collect estate assets or assess estate expenses. But see *In re Estate of Hedke, supra* (acknowledging exception for direct action where personal representative refuses to act). Consequently, although the intervenors would benefit from the recovery they seek, because they are not personal representatives of Victor's estate, they lack standing to pursue these claims.

In *In re Estate of Hedke, supra*, the Nebraska Supreme Court acknowledged that an heir can maintain an action to enforce an obligation owed to the estate when the personal representative refuses to act. However, because there was no personal representative in that case, there was no refusal to act; therefore, the heir lacked standing to maintain the action. The court explained that where there is no personal representative, a special administrator may be appointed. *Id.*

Here, as in *In re Estate of Hedke, supra*, no personal representative was appointed after the successor personal representative was removed. The special administrator who had been appointed had limited authority; however, the stipulation entered between Michael and Christine provided that any interested party could request that a new successor personal representative be appointed. No such request was made by the intervenors.

The county court based its authority to order Michael to return $160,000 to the estate on *Hahn v. Verret*, 143 Neb. 820, 11 N.W.2d 551 (1943); *In re Estate of Jurgensmeier*,

- 270 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
IN RE ESTATE OF SCHURMAN
Cite as 30 Neb. App. 259

142 Neb. 188, 5 N.W.2d 233 (1942); and Neb. Rev. Stat. § 30-24,107 (Reissue 2016). We find reliance upon these authorities to be misplaced.

In *Hahn v. Verret, supra*, it was the executor that sought to acquire or reacquire estate assets to pay debts, costs, and expenses in the administration of the estate. Here, the executor is not the party taking steps to acquire or reacquire assets. Rather, the intervenors are the parties taking action. However, the authority to recover property from an heir lies with the personal representative. See, e.g., *Mischke v. Mischke*, 253 Neb. 439, 571 N.W.2d 248 (1997). Therefore, using *Hahn* as guiding case law is erroneous.

In *In re Estate of Jurgensmeier, supra*, the personal representative filed a final accounting and petition for final settlement. Two of the devisees filed objections based on alleged wrongdoing by the personal representative. *In re Estate of Jurgensmeier* does not involve, nor does it support, a direct action against a distributee by another heir, as is the situation between the intervenors and Michael.

Nor does § 30-24,107 authorize such an action. Section 30-24,107 governs recoupment of an improper distribution and states in part, "Unless the distribution or payment no longer can be questioned because of adjudication, estoppel, or limitation, a distributee of property improperly distributed or paid, or a claimant who was improperly paid, is liable to return the property improperly received and its income since distribution if he has the property." Nowhere in the statute does it indicate who can file an action to recoup an improper distribution. See *id.* When read in conjunction with § 30-2470, which authorizes a personal representative to maintain an action to recover possession of property, we read § 30-24,107 to authorize a personal representative to commence such an action. Accordingly, § 30-24,107 does not support the notion that the intervenors have standing to maintain an action against a distributee to recoup property that they claim was wrongfully distributed or retained.

- 271 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
30 NEBRASKA APPELLATE REPORTS
IN RE ESTATE OF SCHURMAN
Cite as 30 Neb. App. 259

[10] The only remaining remedy sought by the intervenors was for an accounting. In its order, the county court expanded the duties of the special administrator to complete closing tasks associated with final settlement. We determine that the intervenors have standing to request an accounting to determine whether the estate in which they have an interest has been properly administered. "Actions in the county court for probate of a will are in rem, and every person interested in the subject matter is a party in the county court whether named or not. . . . Such person may appear for the purpose of protecting his or her interest in the county court." *In re Estate of Emery*, 258 Neb. 789, 792, 606 N.W.2d 750, 754 (2000), citing *In re Estate of Reikofski*, 144 Neb. 735, 14 N.W.2d 379 (1944). The intervenors have an interest in the finances of the Trust, as they are its successor cotrustees and beneficiaries. Therefore, because the intervenors have an interest in the finances of the Trust, which stands to benefit from the manner in which Victor's estate is administered, they have the right to request an accounting of Victor's estate.

To summarize, we find that the county court lacked subject matter jurisdiction over the intervenors' claim for attorney fees incurred in the district court. We also determine that the intervenors lacked standing over the claim requesting that Christine be reimbursed for excess contributions to the estate and Michael be required to contribute to the expense. Because the intervenors lacked standing to request this relief, the county court lacked jurisdiction over them. Thus, all orders addressing relief based upon these two claims are void and vacated. Because the county court lacked jurisdiction over them, so, too, do we. See *Paulsen v. Paulsen*, 11 Neb. App. 582, 658 N.W.2d 49 (2003).

*Remaining Arguments.*

Michael's remaining assigned errors are based upon the court's order requiring him to return $160,000 to the estate. Because we have vacated that order, we need not address

- 272 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
IN RE ESTATE OF SCHURMAN
Cite as 30 Neb. App. 259

his remaining assigned errors. See *Papillion Rural Fire Prot. Dist. v. City of Bellevue*, 274 Neb. 214, 739 N.W.2d 162 (2007) (appellate court is not obligated to engage in analysis which is not needed to adjudicate controversy before it).

## CONCLUSION

Based upon the reasons outlined above, the county court's order is vacated in part as specifically set forth herein; in all other respects, it is affirmed.

Affirmed in part, and in part vacated.

Bishop, Judge, participating on briefs.