IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

MUYONGA V. JOHNSON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

LILLIAN A. MUYONGA, APPELLANT,

V.

KENNETH K. JOHNSON, APPELLEE.

Filed October 10, 2023.    No. A-22-894.

Appeal from the District Court for Sarpy County: GEORGE A. THOMPSON, Judge. Affirmed.

Lillian A. Muyonga, pro se.

John F. Eker III, for appellee.

BISHOP, ARTERBURN, and WELCH, Judges.

BISHOP, Judge.

## INTRODUCTION

Lillian A. Muyonga and Kenneth K. Johnson married in 2011. They had two children during their marriage, a son born in 2013 and a daughter born in 2015. In November 2018, the Sarpy County District Court entered a decree dissolving the parties' marriage and granting the parties joint physical custody of the children. Kenneth was awarded sole legal custody. In 2021, Lillian sought to modify the decree to award her physical custody of the parties' daughter, while maintaining joint physical custody of their son. She also requested that the children be allowed to have grandparent visitation outside the United States. Kenneth subsequently filed contempt and modification pleadings. The parties stipulated to matters resolving all pending issues except for Lillian's request to allow the children grandparent visitation outside the United States, which the court denied. Lillian appeals the court's denial of this request. We affirm.

- 1 -

On June 24, 2021, Lillian, pro se, filed a "Complaint for Contempt," alleging various actions by Kenneth towards her, which she described as abusive. Several days later, she filed a "Complaint to Modify," alleging, as pertinent to this appeal, that "[g]randparent visitation on [her] side of the family ha[d] been denied by [Kenneth]." She requested that the district court "allow [the] children to visit Kenya twice a year for two weeks at a time." Lillian further alleged that it was no longer in their daughter's best interest that the parties have joint physical custody of her because she "cries a lot," her "hair is unkempt," and Kenneth "doesn't seem to care how she looks." Lillian requested sole physical custody of the parties' daughter, but that she and Kenneth continue to have joint physical custody of their son.

On September 10, 2021, Kenneth filed a "Complaint for Contempt," related to Lillian claiming both children on her tax returns. Kenneth subsequently filed an "Answer and Counter Complaint," alleging that Lillian made false allegations against him in front of the children in an attempt to alienate the children from him, and that Lillian's actions were "irresponsible and dangerous to the well-being of the minor children." Kenneth requested sole custody of the children and that Lillian be ordered to pay child support, as well as medical and daycare expenses.

On September 30, 2022, the district court held a status hearing; Lillian appeared pro se and Kenneth's attorney appeared on his behalf. Kenneth's attorney informed the court that a settlement conference had taken place and that there was "a very successful resolution of most of the issues." Kenneth's attorney set out the terms of the agreement, stating that the parties had agreed that they would "dismiss their request[s] regarding custody." They further agreed that Kenneth would claim the children on his taxes until 2026, to "resolv[e] the monies that [Lillian] would be owing to [Kenneth] . . . as a result of her claiming the children when she shouldn't have, not sharing the stimulus money, not paying the amounts due from [the] previous Order of Modification, and [Kenneth's] attorney's fees incurred." Lillian confirmed that this was her understanding of the agreement.

The parties did not reach an agreement regarding whether to allow Lillian to take the children abroad for 2 weeks each year to visit their maternal grandparents. The parties agreed to set "a separate short hearing to address that issue." That same day, the district court entered a journal entry and order, stating that a "settlement ha[d] been reach[ed] on a majority of items" and setting a "hearing for the remaining issue" on October 7, 2022. It noted that pursuant to a stipulation of the parties, the hearing would "proceed on affidavits and argument."

The record before this court does not include a bill of exceptions for the October 7, 2022, hearing. However, the record contains an order entered by the district court on November 2, wherein the court dismissed without prejudice all the pending pleadings. In its order, the court stated that trial took place on October 7, 2022, on the "sole remaining issue [of] whether the Court [would] permit [Lillian] to exercise parenting time outside the United States." "[E]vidence was presented by affidavit" and "[t]he court reviewed the affidavits, heard arguments, and took the matter under advisement." Since the record on appeal does not contain a bill of exceptions for this hearing, any evidence introduced at trial is not included in the appellate record. The court's order summarized the positions of the parties as follows:

[Kenneth] opposes granting [Lillian] permission to travel with the children outside the United States. His reasoning is that he does not trust that [Lillian] will return with the children. He cites to various times in these proceedings where [Lillian]'s actions speak louder than her words. He also notes that he successfully obtained legal custody at trial, and he should be able to rely on this award.

[Lillian] assures the Court that it should have no concern that she will return to Nebraska. Specifically, she states that she does not have a criminal record of arrest . . . as a felon, she has lived in the United States for seventeen years, her employment is in a career that she desires and she wants to maintain, and she does not want to remain in Africa due to its political policies.

The district court ultimately determined that it "must decline" Lillian's request because the "risk [was] too substantial" considering "[t]he history of th[e] case and [Lillian's] previous noncompliance issues." The court expressed concern that if it were to "grant [Lillian]'s request, and she decide[d] to remain in Africa, the 'deed' [could not] be undone without great financial and emotional damage to [Kenneth]." It noted that it "granted [Kenneth] sole legal custody as a means to effectuate his parental rights without interference by [Lillian]." The court therefore denied Lillian's request.

Lillian appeals.

## ASSIGNMENT OF ERROR

Lillian assigns that the district court erred when it denied her request to "take the minor children to Europe and Kenya so that her children can meet her parents face to face."

## STANDARD OF REVIEW

Ordinarily, modification of a dissolution decree is a matter entrusted to the discretion of the trial court, whose order is reviewed de novo on the record, and will be affirmed absent an abuse of discretion by the trial court. *Tilson v. Tilson*, 307 Neb. 275, 948 N.W.2d 768 (2020).

However, in this case, the record on appeal does not include a bill of exceptions for the October 7, 2022, hearing, which would have been helpful in evaluating Lillian's sole assigned error. The responsibility for filing a bill of exceptions for appellate review rests with the appellant. See Neb. Rev. Stat. § 25-1140 (Reissue 2016). When there is no bill of exceptions, we examine and consider only the pleadings in conjunction with the judgment reviewed. See *William P. v. Jamie P.*, 313 Neb. 378, 984 N.W.2d 285 (2023). In the absence of a record of the evidence considered by the court, it is presumed on appeal that the evidence supports the trial court's orders and judgment. See *id*.

## ANALYSIS

Lillian argues that the district court's decision denying her request to take the children to see their grandparents was based upon "nothing more than a hypothetical that if [she] were to remain in Africa (which is very unlikely as [her] employment and entire livelihood is located in the United States where [she] has been for seventeen years), that great emotional and financial harm would be caused." Brief for appellant at 9. She states that "[t]he argument that [she] 'might'

engage in [unlawful conduct] is not grounds for depriving [her] of a legally established right; especially when [she] has not engaged in any criminal or unlawful conduct in the past." *Id.* at 10.

In its order, the district court noted that Kenneth expressed at trial that he did "not trust that [Lillian would] return with the children" and that he "cite[d] to various times in the[] proceedings where [Lillian]'s actions sp[oke] louder than her words." The court determined that it could not grant Lillian's request to exercise her parenting time abroad because "the risk was too substantial." It was concerned that if it were to "grant [Lillian]'s request, and she decide[d] to remain in Africa, the 'deed' [could not] be undone without great financial and emotional damage to [Kenneth]." We observe that in the parties' dissolution decree, the court found the parties to be "fit and proper," but that it had "reservations concerning [Lillian]" and it found her "to be less than credible." In the present matter, the court indicated that "the history of this case dictates that the Court cannot grant the request." Since we lack a record of the evidence adduced and considered by the court on this issue, we are required to presume that the evidence supports the court's order. See *William P. v. Jamie P., supra.* It is incumbent upon the appellant to present a record supporting the errors assigned. *Rodriguez v. Surgical Assocs.*, 298 Neb. 573, 905 N.W.2d 247 (2018). Offering of a bill of exceptions is necessary if the appellate court is to consider errors assigned by the appellant which require a review of the evidence that was received by the tribunal from which the appeal is taken. *William P. v. Jamie P., supra.* Since there is no record of the evidence considered by the district court, it is presumed on appeal that the evidence supports its decision to deny Lillian's request to take the children overseas. See *William P. v. Jamie P., supra.* Accordingly, we cannot say the district court abused its discretion in reaching its decision.

We note that under the argument section of her brief for this assigned error, Lillian argues that her parents were deprived of their right to grandparent visitation and "they were deprived of their procedural and substantive due process rights with regards to the motion to modify the decree of dissolution." Brief for appellant at 12. However, she failed to specifically assign these arguments as error. As such, we need not address them. See *TNT Cattle Co. v. Fife*, 304 Neb. 890, 937 N.W.2d 811 (2020) (alleged error must be both specifically assigned and specifically argued in brief of party asserting error to be considered by appellate court). Additionally, Lillian does not have standing under the grandparent visitation statutes to seek visitation with the minor children on her parents' behalf. See Neb. Rev. Stat. § 43-1802 (setting forth when "grandparent may seek visitation with his or her minor grandchild"). See, also, *In re Estate of Schurman*, 30 Neb. App. 259, 266, 967 N.W.2d 734, 740 (2021) ("In order to have standing, a litigant must assert the litigant's own legal rights and interests and cannot rest his or her claim on the legal rights or interests of third parties.")

Under separate sections in the argument portion of her brief, Lillian argues that the district court "demonstrated considerable bias and refused to recuse [itself] from the case," brief for appellant at 12, and that the court "abused its discretion in ruling as it did with regards to various issues of material fact." *Id.* at 14. However, because Lillian failed to specifically assign these arguments as error, we will not address them. See *TNT Cattle Co. v. Fife, supra.*

- 4 -

## CONCLUSION

We affirm the district court's November 2, 2022, order denying Lillian's request to travel with the children outside the United States.

 A<small>FFIRMED</small>.